IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| **SHARMAYNE COSBY, individually and as** : <br> **parent and guardian of minor daughter** : <br> **JENARVIS YVONNE COSBY** : <br> **3526 22nd Street S. E.** : <br> **Washington, D.C.  20020** : <br> : <br>         Plaintiffs, : <br> : <br>      v. : <br> : <br> **FRANCIS D. BURKE** : <br> **Individually and in his official capacity** : <br> **d/b/a Southview Associates II, d/b/a Southview** : <br> **II Apartments, d/b/a Southview Apartments** : <br> **d/b/a Parkland East Apartments Associates,** : <br> **d/b/a Parkland West** : <br> **4 Porters Cove Road** : <br> **Hingham, MA 02042** : <br> : <br>         and : <br> : <br> **SA, Inc.** : <br> **Individually and in their official capacity** : <br> **d/b/a/ Southview Associates II, d/b/a Southview** : <br> **II Apartments, d/b/a Southview Apartments** : <br> **d/b/a Parkland East Apartments Associates,** : <br> **d/b/a Parkland West** : <br> **1050 17th Street N.W. Suite 900** : <br> **Washington, D.C. 20036** : <br> : <br> Serve: : <br>     Arthur R. Hessell : <br>     Hessell & Aluise, P.G. : <br>     1050 17th Street N.W. Suite 900 : <br>     Washington, D.C.  20036 : <br> : <br>         and : <br> : <br> **HENRY C. CASHEN II** : <br> **Individually and in his official capacity** : <br> **d/b/a/ Southview Associates II, LLP, d/b/a** : <br> **Southview II Apartments, d/b/a Southview** : | Case No.: _____ |

1

| | |
|---|---|
| **Apartments, d/b/a, Parkland East Apartments** | : |
| **Associates, d/b/a Parkland West** | : |
| **2101 L Street N.W.** | : |
| **Washington, D.C.  20037** | : |
| | : |
| **and** | : |
| | : |
| **D. RICHARD THISSEN** | : |
| **Individually and in his official capacity** | : |
| **d/b/a Southview Associates II, LLP** | : |
| **d/b/a Southview II Apartments** | : |
| **d/b/a Southview Apartments** | : |
| **d/b/a Parkland East Apartments Associates** | : |
| **d/b/a Parkland West** | : |
| **77 Oak Hill Drive** | : |
| **Arlington, MA  02474-2944** | : |
| | : |
| **and** | : |
| | : |
| **THE KREIGSFELD CORPORATION** | : |
| **4301 Connecticut Avenue N.W. Suite 132** | : |
| **Washington, D.C. 20008** | : |
| | : |
| **Serve: Lee J. Kreigsfeld** | : |
| **       6740 Kenwood Forest Lane** | : |
| **       Chevy Chase, Maryland 20815** | : |
| | : |
| **and** | : |
| | : |
| **SEMADRA WILLIAMS** | : |
| **3625 22nd Street S.E.** | : |
| **Washington, D.C. 20020** | : |
| | : |
| **and** | : |
| | : |
| **MICHAEL DATCHER** | : |
| **4301 Connecticut Avenue Suite 132** | : |
| **Washington, D.C. 20008-2304** | : |
| | : |
| **              Defendants.** | : |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

COMES NOW plaintiff, Sharmayne Cosby, individually and as parent and guardian of

minor daughter Jenarvis Yvonne Cosby, (Hereafter Plaintiff's) by and through counsel, DUBOFF &

2

ASSOCIATES CHARTERED and Donna Williams Rucker, Esquire, and brings suit against the defendants, SA, Inc., Francis D. Burke, Henry C. Cashen II, D. Richard Thissen, (all d/b/a Southview Associates II, LLP, d/b/a Southview II Apartments, d/b/a Southview Apartments, d/b/a Parkland East Apartments, Associates, d/b/a Parkland West), Kreigsfeld Corporation, Semadra Williams and Michael Datcher, jointly and severally, and for cause states as follows:

## JURISDICTION AND VENUE

Jurisdiction of the Court is proper pursuant to Title VII of the Civil Rights Act of 1964, as amended, U.S.C. Sections 1331, 1337, 1343, §501 and the D.C. Human Rights Act of 1977, and 29 U.S.C. 791. Venue is proper based on the foregoing.

Plaintiff Sharmayne Cosby, timely files this action in accordance with the Rights of Appeal Notice received by her on or about March 4, 2005.  A copy of the same is attached to this Complaint.

Plaintiff Cosby brings this action for failure to accommodate as required under the American Disability Act.

## FACTS

1.  At all times, dates and locations relative hereto, defendants Frances D. Burke, SA, Inc., D. Richard Thissen and Henry Cashen II, d/b/a Southview Associates II, LLP, d/b/a Southview II Apartments, d/b/a Southview Apartments, d/b/a Parkland East Apartments, Associates, d/b/a Parkland West (hereinafter collectively the "defendants") were partners, and did business and generated substantial income in the District of Columbia through their ownership of rental properties.

2.  At all times dates and locations relative hereto The Kreigsfeld Corporation was a representative, agent or employee of the defendants and managed and/or controlled the location

3

in question and had the duty to ensure that each apartment at that location was properly repaired, maintained and complied with all health and safety codes then and there in effect in the District of Columbia as they related to rental properties.

3.  At all times and dates relative hereto the defendant Datcher was employed by the defendant Kreigsfeld Corporation as a property manager and it was his duty to supervise and oversee the location in question and ensure that each apartment at that location was properly repaired, maintained and complied with all health and safety codes then and there in effect in the District of Columbia as they related to rental properties.

4.  At all times, dates and locations relative hereto defendant Semadra Williams was employed by the defendant Kreigsfeld Corporation as the site manager for the Southview Apartments and had the duty to ensure that each apartment at that location was properly repaired, maintained and complied with all health and safety codes then and there in effect in the District of Columbia as they applied to rental properties.

5.  On, or about, November 19, 2002, the plaintiff was a rent paying resident in an apartment building located at 3526 22nd Street S.E., Washington D.C., said building being owned by the defendants and managed by the defendant's agents, employees or representatives, Kreigsfeld Corporation and its employees, agents or representatives.

6.  At all relevant times the minor Jenarvis Yvonne Cosby (Hereafter Minor) lived with her mother Sharmayne Cosby in an apartment building located at 3526 22nd Street S.E., Washington D.C.

7.  The minor developed a lung condition due to wet, moldy, mildewed conditions of the apartment building located at 3526 22nd Street S.E., Washington D.C.

8.  The plaintiff Sharmayne Cosby was diagnosed with a lung condition in 2002.

9. A request was made to switch plaintiff's unit to accommodate her diagnosed medical condition.

10. In 2002, plaintiff remained in the same unit and at this time was advised that the environment of mold in her unit was an irritant to her lung condition.

11. Plaintiff notified defendant and the proper management officials in December of 2002 and other dates.

12. Plaintiff reported the living conditions of the unit to the D.C. Department of Health, Indoor Air Quality department. They inspected the premises and found that the plaintiff's apartment was in an unsafe condition, and notified the defendant Kreigsfeld Corporation, through its employees, agents or representatives that the unsafe conditions must be corrected.

13. The defendants, through their agents, employees or representatives owed the plaintiffs the duty to provide an environment that was free of mold and mildew and other irritants to plaintiff's health, safety and welfare.

14. Upon information and belief, the Department of Health cited the defendant South View Apartments II, based on violations discovered, including mold and mildew.

15. Upon information and belief, the Department of Health, issued specific instructions to defendant, South View Apartments, II, for corrective action, but the specific corrective actions were not done.

16. Defendant, South View Apartments II, did not do the corrective actions that the Department of Health had instructed, but instead tried to spray over the contaminated area instead of cutting them out.

17. The Department of Health returned to determine whether the corrective actions were properly done, and found that the defendant, South View Apartments, II, did not comply

with the instructions, at this time the defendant, South View Apartments II was cited by the Department of Health.

 18. The defendants breached their duty to provide housing that was safe and free from environmental conditions that would endanger the health and well being of their residents.

## COUNT I
### (Discrimination based on the American's with Disabilities Act)

 19. Plaintiff hereby incorporates, by mention hereto, paragraphs 1 through 18, inclusive, as if fully set forth herein and further alleges:

 20. The Plaintiff Sharmayne Cosby was diagnosed with a lung condition that qualifies her as having a disability within the meaning of the American with Disabilities Act.

 21. The defendants, through their agents, employees or representatives were negligent in that no accommodations were provided to Sharmayne Cosby based on her disability and the necessary repairs were never made to her apartment and the dangerous conditions was never remedied.

 22. Said actions as detailed in paragraph 21 was the direct and proximate cause of plaintiff Sharmayne Cosby's injuries.

 23. As a direct result of the defendant's actions and/or inaction the plaintiff has suffered, and continues to suffer, physical disease, injury and pain; has incurred, and continues to incur medical and related expenses and has suffered a diminishment in her quality of life, all without any negligence on the part of the plaintiff contributing thereto.

 24. The defendants, jointly and severely, and through their agents, employees or representatives owed the plaintiff the duty to provide an environment that was free of mold and mildew and other irritants to plaintiff's health, safety and welfare.

25. The defendants, jointly and severely, had breached their duty to provide housing that was safe and free from environmental conditions that would endanger the health and well being of the plaintiff.

WHEREFORE, based on the forgoing, the plaintiff, Sharmayne Cosby prays this Honorable Court to find in her favor and against the defendants, SA, Inc., Francis D. Burke, Henry C. Cashen II, D. Richard Thissen, ( all d/b/a Southview Associates II, LLP, d/b/a Southview II Apartments, d/b/a Southview Apartments, d/b/a Parkland East Apartments, Associates, d/b/a Parkland West), Kreigsfeld Corporation, Semadra Williams and Michael Datcher, jointly and severally, in the fair and just amount of **ONE MILLION DOLLARS ($1,000,000.00)**, plus costs, pre and post judgment interest and that and such other relief as this Court deems necessary and appropriate.

## COUNT II
### (Negligence)

26. Plaintiff hereby incorporates, by mention hereto, paragraphs 1 through 25, inclusive, as if fully set forth herein and further alleges:

27. The defendants, through their agents, employees or representatives were negligent in that the necessary repairs were never made and the dangerous conditions were never remedied

28. Said negligence was the direct and proximate cause of the Minor's injuries.

29. As a direct result of said negligence the Minor has suffered, and continues to suffer, physical disease, injury and pain; has incurred, and continues to incur medical and related expenses and has suffered a diminishment in her quality of life, all without any negligence on the part of the Minor contributing thereto.

30. The defendants, jointly and severely, and through their agents, employees or representatives owed the plaintiff the duty to provide an environment that was free of mold and

mildew and other irritants to the Minor's health, safety and welfare.

31.     The defendants, jointly and severely, breached their duty to provide housing that was safe and free from environmental conditions that would endanger the health and well being of the Minor.

WHEREFORE, based on the forgoing, the plaintiff, Sharmayne Cosby as parent and guardian of minor daughter, Jenarvis Yvonne Cosby prays this Honorable Court to find in her favor and against the defendants, SA, Inc., Francis D. Burke, Henry C. Cashen II, D. Richard Thissen, ( all d/b/a Southview Associates II, LLP, d/b/a Southview II Apartments, d/b/a Southview Apartments, d/b/a Parkland East Apartments, Associates, d/b/a Parkland West), Kreigsfeld Corporation, Semadra Williams and Michael Datcher, jointly and severally, in the fair and just amount of **ONE MILLION DOLLARS ($1,000,000.00)**, plus costs, pre and post judgment interest and that and such other relief as this Court deems necessary and appropriate.,

Respectfully submitted,

By: _____
Donna Williams Rucker, Esquire #446713
DUBOFF & ASSOCIATES, CHARTERED
8401 Colesville Road, Suite 501
Silver Spring, Maryland 20910
(301) 495-3131    Office
(301) 587-1872    Facsimile

### **JURY DEMAND**

The plaintiffs, by and through counsel, demands a jury trial on all matters set forth herein.

_____
Donna Williams Rucker, Esquire

8



U.S. Department Of Housing and Urban Development
Office of Fair Housing and Equal Opportunity
The Wanamaker Building
100 Penn Square East
Philadelphia, PA  19107-3380

FEB 25 2005

Donna Williams Rucker
DuBoff & Associates, Chtd
8401 Colesville Road
Suite 301
Silver Spring, MD 20910-3349

Dear Representative (of Shermayne L. Cosby):

Subject:  Housing Discrimination Complaint
          Cosby, Sharmayne L. v. Krisfield Mgt./Southern II Apts.
          HUD Case No.03-05-0250-8

   The subject housing discrimination complaint was filed on 02/05/05 pursuant to the Fair Housing Act (the Act), 42 U.S.C. 3600-3620 and has been accepted for processing.  Enclosed is a copy of the complaint.  Please retain it for your records. All correspondence and information requests about this complaint must reference the complaint number.

   While this complaint is pending, you will have the opportunity to resolve it through conciliation or settlement.

   In addition to the administrative complaint process, the complainant may, pursuant to Section 813 of the Act, commence a civil action in an appropriate Federal district or state court, as long as an Administrative Law Judge has not begun a hearing on this matter.  Such civil action must be commenced no later than two years after the occurrence or termination of an alleged discriminatory housing practice, irrespective of whether a complaint has been filed with this Department.  The two year period does not include the time the complaint is pending before this Department.  However, once a trial begins, the Department will cease its administrative processing of the complaint.

   Pursuant to Section 810(f) of the Act, this complaint will be processed by:

          Kenneth L. Saunders
          Director
          District of Columbia Office of Human Rights
          441 4th Street, NW, Suite 570N
          Washington, DC  20001
          202-727-4559


   During the administrative processing of this complaint, you are responsible for keeping this agency informed of any change in address.  Failure to do so may be viewed as failure to cooperate in the investigation.

Unless otherwise notified, the aforementioned agency will be responsible for all processing action on this complaint. Therefore, all correspondence or inquiries regarding this matter should be directed to that agency.

Please be advised that retaliation against any person for participation in the enforcement of the Act is a discriminatory housing practice prohibited under Section 818 of the Act.

Your cooperation in this matter is appreciated.

Sincerely,

Wanda S. Nieves
Director, Region III
Office of Fair Housing and Equal Opportunity


Enclosures

07-258
L
RwR

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

SHARMAYNE COSBY, individually and as parent and guardian of minor daughter JENARVIS YVONNE COSBY

## DEFENDANTS

FRANCIS D. BURKE, Individually and in his official capacity, d/b/a Southview Associates II, d/b/a Southview, II Apartments, d/b/a Southview Apartments, d/b/a Parkland East Apartments Associates, d/b/a Parkland West, 4 Porters Cove Road

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Donna Williams Rucker, Esquire    (301) 495-3131
DuBoff & Associates, Chartered
8401 Colesville Road, Suite 501
Silver Spring, Maryland 20910

CASE NUMBER   1:07CV00258

JUDGE: Richard W. Roberts

DECK TYPE: Civil Rights (non-employm

DATE STAMP: 02/02/2007

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ⊙ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☒ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Americans with Disabilities Act, As failed to provide reasonable accommodation [illegible]

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 250,000.00   Check YES only if demanded in complaint
**JURY DEMAND:** YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE February 2, 2007   SIGNATURE OF ATTORNEY OF RECORD [signature]

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the *primary* cause of action found in your complaint. You may select only *one* category. You *must* also select *one* corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

JTC