IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| SHARMAYNE COSBY, individually and as parent and guardian of minor daughter JENARVIS YVONNE COSBY 3526 22nd Street S. E. Washington, D.C. 20020<br><br>    Plaintiffs,<br><br>  v.<br><br>FRANCIS D. BURKE Individually and in his official capacity d/b/a Southview Associates II, d/b/a Southview II Apartments, d/b/a Southview Apartments d/b/a Parkland East Apartments Associates, d/b/a Parkland West 4 Porters Cove Road Hingham, MA 02042<br><br>    and<br><br>SA, Inc. Individually and in their official capacity d/b/a/ Southview Associates II, d/b/a Southview II Apartments, d/b/a Southview Apartments d/b/a Parkland East Apartments Associates, d/b/a Parkland West 1050 17th Street N.W. Suite 900 Washington, D.C. 20036<br><br>Serve:<br>    Arthur R. Hessell<br>    Hessell & Aluise, P.G.<br>    1050 17th Street N.W. Suite 900<br>    Washington, D.C. 20036<br><br>    and<br><br>HENRY C. CASHEN II Individually and in his official capacity d/b/a/ Southview Associates II, LLP, d/b/a Southview II Apartments, d/b/a Southview | Civil Action No.: 07-258 (RWR) |

1

| | |
|---|---|
| **Apartments, d/b/a, Parkland East Apartments** | : |
| **Associates, d/b/a Parkland West** | : |
| **2101 L Street N.W.** | : |
| **Washington, D.C.   20037** | : |
| | : |
| **and** | : |
| | : |
| **D. RICHARD THISSEN** | : |
| **Individually and in his official capacity** | : |
| **d/b/a Southview Associates II, LLP** | : |
| **d/b/a Southview II Apartments** | : |
| **d/b/a Southview Apartments** | : |
| **d/b/a Parkland East Apartments Associates** | : |
| **d/b/a Parkland West** | : |
| **77 Oak Hill Drive** | : |
| **Arlington, MA  02474-2944** | : |
| | : |
| **and** | : |
| | : |
| **THE KREIGSFELD CORPORATION** | : |
| **4301 Connecticut Avenue N.W. Suite 132** | : |
| **Washington, D.C. 20008** | : |
| | : |
| **Serve: Lee J. Kreigsfeld** | : |
| **        6740 Kenwood Forest Lane** | : |
| **        Chevy Chase, Maryland 20815** | : |
| | : |
| **and** | : |
| | : |
| **SEMADRA WILLIAMS** | : |
| **Officially and in her individual Capacity** | : |
| **3625 22nd Street S.E.** | : |
| **Washington, D.C. 20020** | : |
| | : |
| **and** | : |
| | : |
| **MICHAEL DATCHER** | : |
| **Officially and in her individual Capacity** | : |
| **4301 Connecticut Avenue Suite 132** | : |
| **Washington, D.C. 20008-2304** | : |
| | : |
| **            Defendants.** | : |

### AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

2

COMES NOW plaintiff, Sharmayne Cosby, individually and as parent and guardian of minor daughter Jenarvis Yvonne Cosby, (Hereafter Plaintiff's) by and through counsel, DUBOFF & ASSOCIATES CHARTERED and Donna Williams Rucker, Esquire, and brings suit against the defendants, SA, Inc., Francis D. Burke, Henry C. Cashen II, D. Richard Thissen, (all d/b/a Southview Associates II, LLP, d/b/a Southview II Apartments, d/b/a Southview Apartments, d/b/a Parkland East Apartments, Associates, d/b/a Parkland West), Kreigsfeld Corporation, Semadra Williams and Michael Datcher, jointly and severally, and for cause states as follows:

## JURISDICTION AND VENUE

Jurisdiction of the Court is proper pursuant to Title VII of the Civil Rights Act of 1964, as amended, U.S.C. Sections 1331, 1337, 1343, §501 and the D.C. Human Rights Act of 1977, and 29 U.S.C. 791, and the Fair Housing Act, 42 U.S.C. Section 3600, 3620. Venue is proper based on facts that the incidents complained of occurred in the District of Columbia.

Plaintiff Sharmayne Cosby, timely files this action in accordance with the Rights of Appeal Notice received by her on or about March 4, 2005.  A copy of the same is attached to this Complaint.

Plaintiff Cosby brings this action for failure to accommodate as required under the American Disability Act.

## FACTS

1. At all times, dates and locations relative hereto, including from November 19, 2002 through and continuing, defendants Frances D. Burke, SA, Inc., D. Richard Thissen and Henry Cashen II, d/b/a Southview Associates II, LLP, d/b/a Southview II Apartments, d/b/a Southview Apartments, d/b/a Parkland East Apartments, Associates, d/b/a Parkland West (hereinafter collectively the "defendants") were partners, and did business and generated

3

substantial income in the District of Columbia through their ownership, and/or operation of rental properties, and each owned plaintiff and her Minor child a duty to keep the premises in proper repair and condition and to otherwise obey the laws, statutes and regulations then in effect.

2.   On, or about, November 19, 2002, the plaintiff was a rent paying resident in an apartment building located at 3526 22nd Street S.E., Washington D.C., and her minor child resided with her, said building being owned by the defendants and managed by the defendant's agents, employees or representatives, Kreigsfeld Corporation and its employees, agents or representatives, including Semadra Williams and Michael Datcher.

3.   At all times dates and locations relative hereto The Kreigsfeld Corporation was hired by defendants and/or was a representative, agent or employee of the defendants and managed and/or controlled the location in where plaintiffs resided and had the duty to ensure that the apartment complex complied with all laws and regulation, and that plaintiffs' apartment was properly repaired, maintained and complied with all health and safety codes then and there in effect in the District of Columbia as they related to rental properties.

4.   At all times and dates relative hereto the defendant Datcher was employed by the defendant Kreigsfeld Corporation as a property manager and it was his duty to supervise and oversee the location in question and ensure that each apartment at that location was properly repaired, maintained and complied with all health and safety codes then and there in effect in the District of Columbia as they related to rental properties.

5.   At all times, dates and locations relative hereto defendant Semadra Williams was employed by the defendant Kreigsfeld Corporation as the site manager for the Southview Apartments and had the duty to ensure that each apartment at that location was properly repaired,

maintained and complied with all health and safety codes then and there in effect in the District of Columbia as they applied to rental properties.

6. At all relevant times the minor Jenarvis Yvonne Cosby (Hereafter Minor) lived with her mother Sharmayne Cosby in an apartment building located at 3526 22nd Street S.E., Washington D.C.

7. The minor developed a lung condition in that it was diagnosed that she had mold in her lungs which was the directly result of her exposure to the wet, moldy, mildewed conditions of the apartment while a tenant from building located at 3526 22nd Street S.E., Washington D.C.

8. The plaintiff Sharmayne Cosby was diagnosed with a lung condition, and was made sick by her exposure from 2002 forward to the wet, moldy, mildewed conditions of the apartment building located at 3526 22nd Street S.E., Washington D.C.

.    9. Plaintiff Sharmayne Cosby made reasonable requests for accommodations to defendants asking to move them from the unit that contained the mold and mildew that was making her and the Minor Child sick.

10. In 2002, plaintiff remained in the same unit and at this time was advised that the environment of mold in her unit was an irritant to her lung condition.

11. Plaintiff notified defendant and the proper management officials in December of 2002 and other dates that she was being injured and her lung condition was exacerbated by remaining in her unit.

12. Plaintiff reported the living conditions of the unit to the D.C. Department of Health, Indoor Air Quality department. They inspected the premises and found that the plaintiff's

apartment was in an unsafe condition, and notified the defendant Kreigsfeld Corporation, through its employees, agents or representatives that the unsafe conditions must be corrected.

13. The defendants, through their agents, employees or representatives owed the plaintiffs the duty to provide an environment that was free of mold and mildew and other irritants to plaintiff's health, safety and welfare, and to provide plaintiff Sharmayne Cosby with reasonable accommodations.

14. Upon information and belief, the Department of Health cited the defendant South View Apartments II, based on violations discovered, including mold and mildew.

15. Upon information and belief, the Department of Health, issued specific instructions to defendant, South View Apartments, II, and defendant Kreigsfeld Corporation, and defendants Williams and Datcher for corrective action, but the specific corrective actions were not taken and plaintiffs' condition worsened.

16. Defendant, South View Apartments II, did not do the corrective actions that the Department of Health had instructed, but instead tried to spray over the contaminated area instead of cutting them out.

17. The Department of Health returned to determine whether the corrective actions were properly done, and found that the defendant, South View Apartments, II, did not comply with the instructions, at this time the defendant, South View Apartments II was cited by the Department of Health.

18. All defendants breached their duty of care owed to plaintiffs.

19. As a direct and proximate result of defendants' actions and/or inaction, plaintiffs suffered pain, suffering, mental anguish, lost wages, cost and fees; some injuries are permanent in nature.

20. Plaintiffs did not cause or contribute to cause any of the injuries sustained.

**WHEREFORE**, based on the forgoing, the plaintiff, Sharmayne Cosby and the Minor Child respectfully pray that this Honorable Court enter judgment against the defendants, SA, Inc., Francis D. Burke, Henry C. Cashen II, D. Richard Thissen, ( all d/b/a Southview Associates II, LLP, d/b/a Southview II Apartments, d/b/a Southview Apartments, d/b/a Parkland East Apartments, Associates, d/b/a Parkland West), Kreigsfeld Corporation, Semadra Williams and Michael Datcher, jointly and severally, in the fair and just amount of **ONE MILLION DOLLARS ($1,000,000.00)**, plus costs, pre and post judgment interest and that and such other relief as this Court deems necessary and appropriate.

## COUNT I
**(Discrimination based on the American's with Disabilities Act)**

21. Plaintiff hereby incorporates, by mention hereto, paragraphs 1 through 20, inclusive, as if fully set forth herein and further alleges:

22. The Plaintiff Sharmayne Cosby was diagnosed with a lung condition that qualifies her as having a disability within the meaning of the American with Disabilities Act.

23. From November 2002 forward, plaintiff and her doctors repeatedly made reasonable requests to defendants to remove the mold and mildew from her unit at Southview II apartments and/or to place plaintiff in another unit that did not have mold and mildew.

24. The defendants, through their agents, employees or representatives were negligent in that no accommodations were provided to Sharmayne Cosby based on her disability and the necessary repairs were never made to her apartment and the dangerous conditions was never remedied.

25. Defendants' actions/inaction was the direct and proximate cause of plaintiff Sharmayne Cosby's injuries.

26. As a direct result of the defendant's actions and/or inaction the plaintiff has suffered, and continues to suffer, physical disease, injury and pain; has incurred, and continues to incur medical and related expenses and has suffered a diminishment in her quality of life, all without any negligence on the part of the plaintiff contributing thereto.

27. The defendants, jointly and severely, and through their agents, employees or representatives owed the plaintiff the duty to provide an environment that was free of mold and mildew and other irritants to plaintiff's health, safety and welfare.

28. The defendants, jointly and severely, had breached their duty to provide housing that was safe and free from environmental conditions that would endanger the health and well being of the plaintiff.

WHEREFORE, based on the forgoing, the plaintiff, Sharmayne Cosby prays this Honorable Court to enter judgment in her favor and against the defendants, SA, Inc., Francis D. Burke, Henry C. Cashen II, D. Richard Thissen, ( all d/b/a Southview Associates II, LLP, d/b/a Southview II Apartments, d/b/a Southview Apartments, d/b/a Parkland East Apartments, Associates, d/b/a Parkland West), Kreigsfeld Corporation, Semadra Williams and Michael Datcher, jointly and severally, in the fair and just amount of **ONE MILLION DOLLARS ($1,000,000.00)**, plus costs, pre and post judgment interest and that and such other relief as this Court deems necessary and appropriate.

## COUNT II
**(Negligence)**

26. Plaintiffs hereby incorporates by mention hereto, paragraphs 1 through 26, inclusive, as if fully set forth herein and further alleges:

27. The defendants, through their agents, employees or representatives were negligent in that the necessary repairs to plaintiff's unit were never made and the dangerous conditions

8

were never remedied

28.     Said negligence was the direct and proximate cause of the Minor Child's injuries.

29.     As a direct result of said negligence the Minor has suffered, and continues to suffer, physical disease, injury and pain; has incurred, and continues to incur medical and related expenses and has suffered a diminishment in her quality of life, all without any negligence on the part of the Minor Child contributing thereto.

30.     The defendants, jointly and severely, and through their agents, employees or representatives owed the plaintiff the duty to provide an environment that was free of mold, mildew and other irritants to their health, safety and welfare, and to abide by the laws then in affect.

31.     The defendants, jointly and severely, breached their duty to provide housing that was safe and free from environmental conditions that would endanger the health and well being of the Minor.

**WHEREFORE**, based on the forgoing, the plaintiff, Sharmayne Cosby as parent and guardian of minor daughter, Jenarvis Yvonne Cosby prays this Honorable Court to find in her favor and against the defendants, SA, Inc., Francis D. Burke, Henry C. Cashen II, D. Richard Thissen, ( all d/b/a Southview Associates II, LLP, d/b/a Southview II Apartments, d/b/a Southview Apartments, d/b/a Parkland East Apartments, Associates, d/b/a Parkland West), Kreigsfeld Corporation, Semadra Williams and Michael Datcher, jointly and severally, in the fair and just amount of **ONE MILLION DOLLARS ($1,000,000.00)**, plus costs, pre and post

9

judgment interest and that and such other relief as this Court deems necessary and appropriate.

Respectfully submitted,

By: Donna Williams Rucker /s/
Donna Williams Rucker, Esquire #446713
DUBOFF & ASSOCIATES, CHARTERED
8401 Colesville Road, Suite 501
Silver Spring, Maryland 20910
(301) 495-3131   Office
(301) 587-1872   Facsimile

**JURY DEMAND**

The plaintiffs, by and through counsel, demands a jury trial on all matters set forth herein.

Donna Williams Rucker /s/
Donna Williams Rucker, Esquire