SHARMAYNE COSBY, et. al,              :

    Plaintiffs,                              :
                                              Case No.: 1:07-cv-258(RWR)
v.                                              :   Next Event: Initial Scheduling Conference

FRANCIS D. BURKE, et. al.            :

    Defendants.                           :

_____:

# REPORT UNDER LOCAL CIVIL RULE 16.3

The following information is provided consistent with Local Civil Rule 16.3(c):

Statements of the Case:

Plaintiff**:**

Plaintiff, Sharmayne Cosby and her minor child sustained injuries after being exposed to mold and mildew while at tenant at the Southview II Apartments, managed by the Kreigsfeld Corporation. Plaintiff Sharmayne Cosby was unable to obtain reasonable accommodations for her disability despite repeated requests from her and her doctors for the same.

Defendants: Defendant's deny any and all wrongdoing.

    (1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

    There are no dispositive motions pending. Plaintiff believes that it is unlikely that this matter will be resolved by dispositive motion. Defendants believe that at some point this matter may be amenable to a motion for summary judgment.
.
    (2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

    The parties propose that all parties be joined or pleadings amended within 60 days of the initial scheduling conference. Defendants will file their Amended Answer within this time frame.

    At this stage of the case, the Parties are not able to identify factual or legal issues to be agreed upon or narrowed.

(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.

The plaintiff does not consent to this matter being assigned to a Magistrate Judge for all purposes, but will consent to the assignment for discovery issues. Whereas, the defendants are not opposed to the assignment of this matter to a Magistrate Judge.

(4) Whether there is a realistic possibility of settling the case.

The parties believe that settlement is a realistic possibility.

(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

Plaintiffs' counsel has discussed mediation and the plaintiffs are open to mediation at any stage of the litigation; Defendants believe that more of a benefit can be gained by such after some course of discovery.

(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

Defendants may file motion(s) for summary judgment or other dispositive motion within 30 days after the close of discovery. Plaintiff will file any oppositions thereto due 30 days thereafter; and replies should be due 15 days after filing of oppositions.

(7) Whether the Parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

The Parties will not dispense with initial disclosures under Fed. R. Civ. P. 26(a)(1), but request that disclosures be provided within 20 days after the Initial Conference.

(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

The Parties propose 180 days to complete standard discovery, followed by the motion schedule proposed in ¶ 6. The Parties will agree to 30 interrogatories per side and 10 non-party depositions per side; The Parties anticipate that protective orders may be required for medical information, personnel information, and other information covered by the Privacy Act.

(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

The Parties may use experts and make disclosures pursuant to Fed. R. Civ. P. Rule 26(a)(2), and propose that Proponent's Rule 26(a)(2)(B) statements be due 60 days before the close of discovery and Opponent's statements be due 30 days following receipt of Proponent's statements.

(10) Procedures in class actions.

Not applicable.

(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

The Parties do not believe that bifurcation is necessary in this matter at any stage.

(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

The Parties propose that the date for the pretrial conference be set at any post discovery status conference.

(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

The Parties propose that the trial date be set at the pre-trial conference.

(14) Such other matters that the Parties believe may be appropriate for inclusion in a scheduling order.

The Parties are not aware of any additional matters at this time.

Respectfully submitted,

Donna Williams Rucker /s/           Michael A. Goacomazza_/s/_____
DONNA WILLIAMS RUCKER, ESQ.         MICHAEL A. GOACOMAZZA, ESQ.
DuBoff and Associates, Chartered    Rollins, Smalkin, Richards & Macke, L.L.C.
8401 Colesville Road, Suite 501     410 North Charles Street
Silver Spring, MD 20910             Baltimore, Maryland  21201
(301) 495-3131                      (410) 727-2443