**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
Civil Division

| | | |
|---|---|---|
| **SHARMAYNE COSBY,** | : | |
| **Plaintiff,** | : | **Case No.:1:07 CV258(RWR)** |
| v. | : | Next Event: Defendant's 26(a)(2)(B) Report due |
| **FRANCIS D. BURKE, et al.,** | : | |
| **Defendants.** | : | |

## PLAINTIFF'S 26(a)(2)(B) DISCLOSURES

Plaintiff, Sharmayne Cosby, by and through counsel, DuBoff & Associates, Chartered, and Donna Williams Rucker hereby submits the following:

Dr. Richard Palmer (Internal Medicine)
1328 Southern Avenue, S.E.
Washington, D.C.  20032
202-562-0400

It is expected that Dr. Palmer will testify that he treated plaintiff some years ago and that she suffered with a disability, a lung condition, Pulmonary Sarcoidosis, and that plaintiff was also seen by also was being seen on regular intervals at one point by a Pulmonologist at Georgetown University Medical Center.  Dr. Palmer is also expected to testify that he prepared letters to the office manager at the Southview II Apartments in 2000, advising that plaintiff's medical condition was exacerbated by a persistent moist environment and that it would be beneficial to her health if the condition could be corrected in the near future, and also that there was a request, two years later, to relocate plaintiff because remaining in the wet and moist environment would cause recurrent exacerbations of wheezing and will eventually be detrimental to plaintiff's health.  Dr.

Palmer will also testify regarding any medical records he has reviewed in this matter. Dr. Palmer will base his opinions on his experience and training as well as his examination, treatment and medical history of the Plaintiff. Dr. Palmer's Curriculum Vitae and signed report have been requested and will be provided.

>James A. Mutcherson, Jr., M.D., P.A., Chtd.
>2041 Martin Luther King Jr. Ave., SE
>Washington, D.C. 20020
>(202) 678-5644

It is expected that Dr. Mutcherson will testify that the Plaintiff was diagnosed with Allergic Rhinitis and her treatment involved the use of symptomatic medications on a daily basis, the initiation of allergy injections and that a great amount of emphasis was placed on her environment. He is also expected to testify that the plaintiff was cautioned to avoid a number of irritants, including dampness, and that plaintiff's home condition at the time was an irritant and that he prepared a letter to Kriegsfeld recommending that plaintiff be moved from her apartment unit. Dr. Mutcherson will base his opinions on his experience and training as well as his examination, treatment and the medical history of the Plaintiff. Dr. Mutcherson's Curriculum Vitae and signed report have been requested and will be provided.

>Dr. Susan Hasselquist (Pulmonary Specialist)
>2150 Pennsylvania Avenue, N.W.
>Washington, D.C. 20037
>202-741-2237

It is expected that Dr. Hasselquist will testify that plaintiff's lung condition would be exacerbated when exposed to mold, mildew or dampness. Dr. Hasselquist is also expected to testify regarding her examination of plaintiff and any review of plaintiff's medical records. Dr. Hasselquist will base her opinions on her experience and training as

well as her examination, treatment and medical history of the Plaintiff. Dr. Hasselquist's Curriculum Vitae and signed report have been requested and will be provided.

> Dr. Wayne Davis (Pulmonary Specialist)
> 2041 Georgia Avenue, N.W.
> Washington, D.C. 20059
> (202) 865-6798

It is expected that Dr. Davis will testify that plaintiff's has a disability based upon her lung condition; he is also expected to testify to regarding his treatment and state that plaintiff's condition was exacerbated due to the conditions present in her apartment she then occupied; he is also expected to testify that plaintiff's exposure to mold and mildew in her apartment exacerbated her condition. Dr. Davis will base his opinions on his experience and training as well as her examination, treatment and medical history of the Plaintiff. Dr. Davis' Curriculum Vitae and signed report have been requested and will be provided.

Greater Southeast Hospital
1310 Southern Avenue, SE
Washington, D.C. 20032
(202) 574-6757

It is expected that the doctors who provided emergency care and treatment to plaintiff will testify regarding the care and treatment rendered, plaintiff's medical history, the causes for the same and will testify as to any exacerbating factors. The doctors will base their opinions on their experience and training as well as their examination, treatment and medical history of the Plaintiff. Curriculum Vitaes will be provided when received.

3

Georgetown University Hospital
3800 reservoir Rd., NW
Washington, D.C. 20007
(202) 444-2000

It is expected that the doctors who provided emergency care and treatment to plaintiff will testify regarding the care and treatment rendered, plaintiff's medical history, the causes for the same and will testify as to any exacerbating factors. The doctors will base their opinions on their experience and training as well as their examination, treatment and medical history of the Plaintiff. Curriculum Vitaes will be provided when received.

Howard University Hospital
2041 Georgia Avenue, N.W.
Washington, D.C. 20059
(202) 865-6100

It is expected that the doctors who provided emergency care and treatment to plaintiff will testify regarding the care and treatment rendered, plaintiff's medical history, the causes for the same and will testify as to any exacerbating factors. The doctors will base their opinions on their experience and training as well as their examination, treatment and medical history of the Plaintiff. Curriculum Vitaes will be provided when received.

George Washington University
900 23rd Street, N.W.
Washington, D.C. 20037
(202) 715-4000

It is expected that the doctors who provided emergency care and treatment to plaintiff will testify regarding the care and treatment rendered, plaintiff's medical history, the causes for the same and will testify as to any exacerbating factors. The doctors will base their opinions on their experience and training as well as their examination,

4

treatment and medical history of the Plaintiff. Curriculum Vitaes will be provided when received.

Hadley Memorial Hospital
4601 Martin Luther King Ave., SE
Washington, D.C. 20032
(202) 574-5700

It is expected that the doctors who provided emergency care and treatment to plaintiff will testify regarding the care and treatment rendered, plaintiff's medical history, the causes for the same and will testify as to any exacerbating factors. The doctors will base their opinions on their experience and training as well as their examination, treatment and medical history of the Plaintiff. Curriculum Vitaes will be provided when received.

Mr. Keith Keemer
Department of Health
Washington, D.C.

It is expected that Mr. Keemer will testify that the apartment plaintiff occupied at the time was contaminated with mold and mildew. He is also expected to testify that the defendants were made aware of the existence of the mold and mildew and that plaintiff complained about the conditions in her apartment. Mr. Keemer will base his testimony on his inspection of plaintiff's unit and his findings, and also on the report that he

generated; he is also expected to testify regarding his discussions with management. A copy of Mr. Keemer's resume has been requested and will be provided as soon as received.

                                  Respectfully submitted,
                                  DuBOFF & ASSOCIATES, CHARTERED

By:   /s/ Donna Williams Rucker/
       Donna Williams Rucker, Bar No. #446713
       8401 Colesville Road, Suite 501
       Silver Spring, MD 20910
       (301) 495-3131 (office)
       (301) 587-1872 (facsimile)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a copy of the foregoing Plaintiff's Rule 26(a)(2)(B) Report was served via the Court's ECF system on counsel for defendants, this _____ of _____ 2008.

                                  /s/ Donna Williams Rucker
                                  Donna Williams Rucker

**HUH**
HOWARD
UNIVERSITY
HOSPITAL

2041 Georgia Avenue, N.W.  (202) 865-6100
Washington, D.C. 20060    (202) 745-3731 Fax

March 10, 2008

To Whom It May Concern:

Re: Sharmayne Cosby
D.O.B. 07/20/69

Dear Sir/Madam,

Ms Cosby was under my care for Sarcoidosis and Allergic Rhinitis. Sarcoidosis can be a very debilitating illness. It was responsible for significant lung destruction in Ms Cosby's case. This was manifested radiographically and physiologically. Along with her symptom of her Allergic Rhinitis ( nasal congestion and postnasal drip) she also demonstrated bronchospasm. Exposure to allergen like molds and mildew can account for her multiple exacerbations and hospitalizations.

*Wayne P. Davis*
Wayne P. Davis M.D., F.C.C.P.

Associate Professor.

# JAMES A. MUTCHERSON, JR., MD., PA., CHTD
PRACTICE LIMITED TO ALLERGY

| | | |
|---|---|---|
| 1140 VARNUM ST., N.E., SUITE 030<br>WASHINGTON, D.C. 20017<br>TELEPHONE: (202)269-4223 | FAX: 202-269-9406 | 2041 MARTIN LUTHER KING AVE.<br>SUITE-109<br>WASHINGTON, D.C. 20020<br>TELEPHONE: (202) 678-5644 |

ANSWERING SERVICE
(800) 301-2048

February 26, 2008

DuBoff & Associates, Chartered

Re: Ms. Sharmayne Cosby
    DOB: 07/20/1969
    Case# 1:07 CV258 (RWR)

Ms. Sharmayne Cosby initially visited my office on 11/06/02 for treatment of her allergic disorders.

A complete allergy evaluation revealed the diagnosis of Allergic Rhinitis. Hence, her treatment regimen involved a tri-pronged plan of daily symptomatic medications, weekly immunotherapy (allergy injections), and environmental control measures. Ms. Cosby's surroundings were of particular concern as she shared an incidence of significant disrepair in her home resulting from water damage. Additionally, diagnostic skin testing revealed marked reactivity to *molds*. Ms. Cosby's inability to move as I recommended served to hinder alleviation from her distressful complaints.

Sincerely,

James A. Mutcherson, Jr.,M.D.,P.A.,Chtd.

## CURRICULUM VITAE

| | |
|---|---|
| NAME | JAMES A. MUTCHERSON, JR., |
| | BIRTH DATE: MARCH 22, 1941 |
| | BIRTH PLACE: TAMPA, FLORIDA |
| | CITIZENSHIP: USA |
| | SOCIAL SECURITY NUMBER: 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 |
| | SPOUSE: KATHERINE G. MUTCHERSON |
| | CHILDREN: KIMBERLY M. AND ROVENIA L |

HOME ADDRESS    12195 AUTUMN DRIVE
SILVER SPRING, MARYLAND 20904

HOME PHONE    (301) 384-0669

BUSINESS ADDRESSES  1. 1140 VARNUM STREET, N.E. SUITE 030
AND PHONES    WASHINGTON, D.C. 20017
(202) 269-4223
2. 2041 MARTIN LUTHER KING AVENUE, S.E.
SUITE 109
WASHINGTON, D.C. 20020
(202) 678-5644

## EDUCATION AND TRAINING

**UNDERGRADUATE**
09/1960 – 01/1962    FLORIDA A & M UNIVERSITY
TALLAHASEE. FLORIDA

09/1962 – 05/1965    AMERICAN INTERNATIONAL COLLEGE
SPRINGFIELD, MASSACHUSETTS
BA ZOOLOGY

**GRADUATE**    HOWARD UNIVERSITY COLLEGE OF MEDICINE
09/1967 – 05/11971    WASHINGTON, D.C.
M.D. 1971

**POST GRADUATE**
07/1971 – 06/1973    PEDIATRICS PL- 1,2
CHILDREN'S HOSPITAL
OF D.C.
WASHINGTON, D.C.

JAMES A. MUTCHERSON, JR.                                        3

## PROFESSIONAL AND SCIENTIFIC MEMBERSHIPS

| | |
|---|---|
| 1975 TO PRESENT | AMERICAN MEDICAL ASSOCIATION |
| 1975 TO PRESENT | AMERICAN ACADEMY OF ASTHMA, ALLERGY, & IMMUNONOLGY: AAAAI |
| 1990 - 1999 | DISTRICT OF COLUMBIA THORACIC SOCIETY: DCTS |
| 1980 TO PRESENT | JOINT COUNCIL OF ASTHMA, ALLERGY & IMMUNOLOGY: JCAAI |
| | GREATER WASHINGTON ASTHMA, ALLERGY & IMMUNOLOGY SOCIETY: GWAAIS (FORMERLY DCAAIS) |
| | SOCIETY FOR THE CARE OF ASTHMATICS |
| | ALLERGY AND ASTHMA NETWORK/MOTHERS OF ASTHMATICS, INC. |
| | THE FOOD ALLERGY NETWORK |

JAMES A. MUTCHERSON, JR.                                                2

| | |
|---|---|
| 07/1973-06/1974<br>FREEDMEN'S HOSPITAL<br>WASHINGTON, D.C.<br>NOW HUH | PEDIATRICS PL- 3<br>ALLERGY/IMMUNOLOGY<br>FELLOWSHIP YEAR 1 |
| 07/1974 – 06/1975<br>HOWARD UNIVERSITY<br>  HOSPITAL (HUH)<br>WASHINGTON. D.C. | ALLERGY/IMMUNOLOGY<br>FELLOWSHIP YEAR 2 |

## APPOINTMENTS AND POSITIONS

| | |
|---|---|
| ACADEMIC<br>1975 - 1980 | HOWARD UNIVERSITY HOSPITAL<br>CLINICAL INSTRUCTOR |
| NON-ACADEMIC<br>1975 TO PRESENT | CHILDREN'S HOSPITAL NATIONAL<br>MEDICAL CENTER<br>WASHINGTON, D.C.<br>COURTESY MEDICAL STAFF |
| 1975 TO PRESENT | HOWARD UNIVERSITY HOSPITAL<br>ACTIVE MEDICAL STAFF |
| 1996 TO PRESENT | PROVIDENCE HOSPITAL<br>WASHINGTON, D.C. |

MEDICAL LICENSURE

| | |
|---|---|
| WASHINGTON, D.C. | LIC# 7606 |
| MARYLAND | LIC# D 17082 |

**KHOSROW DAVACHI, M.D., P.C.**
INTERNAL MEDICINE & NEPHROLOGY

RICHARD PALMER, M.D.                                              BAHRAM PISHDAD, M.D.

February 27, 2008

Donna Williams Rucker, Esquire
DuBoff & Associates, Chartered
8401 Colesville Road,
Suite 501
Silver Spring, MD 20910-3349
Tel:    (301) 495-3131
Fax:    (301) 587-1872

RE:     Sharmayne Cosby
DOB:    07/20/1969

Dear Mrs. Rucker,

Ms. Cosby is a patient who has been our group practice, last seen by myself January 26, 2005. She had a diagnosis of Sarcoidosis, complicated by bronchospasm for which she needs chronic bronchodilator therapy. She had mentioned to me several years ago she noticed her symptoms would be worse at home, especially after rainfall, and her carpet would get wet. Her pulmonologists also believed environmental allergens such as these would worsen her condition.

I had written three letters in the past, February 2000, October 2002, and June 2003 to her management company to her the problems corrected or relocate to another apartment, as I felt it would be detrimental to her health. Ms. Cosby had informed me after the third letter, no corrective action had then been taken.

Sincerely,

Richard Palmer, MD
Internal Medicine.

Government of the District of Columbia



DC Department of Health

**Bureau of Environmental Quality**
**Air Quality Division**

Indoor Air Quality

---

June 11, 2003

Michael Datcher
4301 Connecticut Ave, NW - Suite 132
Washington, DC 20008

Dear Mr. Datcher:

You have been identified as the Property Manager for the property located at 3526 22nd Street, SE - SouthView 2 and for this reason, you are receiving this letter. On Monday, June 2, 2003, I received a call form Ms. Sharmayne Cosby who resides at 3526 22nd Street, SE. Her call was to complain about mold infestation in her bedroom closet and is concern about how this mold can affect her health. She also mentioned that a robe hanging in this closet had become saturated with moisture, which she noticed when attempting to remove it. On Wednesday, June 11, 2003, I inspected her residence.

## FINDINGS

Ms. Cosby directed me to her bedroom where small sections of mold were seen on the lower portion of two walls in her closet and on baseboards. A moisture meter was used to detect moisture levels within these walls and the floor. Low to moderate levels were detected. These readings suggest a water intrusion problem that should be remedied before serious damage to building materials occurs.

There have been reports linking health effects in office workers to offices contaminated with mold surfaces and in residents of homes contaminated with fungal growth (Husman T. Health Effects of Indoor air Microorganisms. *Scand J Work Environ Health* 1996; 22:5-13). Inhalation of fungal spores, fragments (parts) or metabolites (e.g., mycotoxins and volatile organic compounds) from a wide variety of fungi may lead to or exacerbate immunologic (allergic) reactions, cause toxic effects or cause infections (Montana E, Etzel R, Allan T, Dearborn D. Environmental Risk Factor Associated with Pediatric Idiopathic Pulmonary Hemorrhage and Hemosiderosis in a Cleveland Community. *Pediatrics* 1997; 99(1); Etzel R, Montana E, Sorenson WG, Kullman G, Allan T, Dearborn D. Acute Pulmonary Hemorrhage in Infants Associated with Exposure to *Stachybotrys art* and Other Fungi. *Ach Pediatric Adolesc Med* 1998; 152: 757-62.)

In all situations, the underlying cause of water accumulation must be rectified or fungal growth will recur. Any initial water infiltration should be stopped and cleaned immediately. An immediate response (within 24 to 48 hours) and thorough clean up, drying, and/or removal of water damaged materials will prevent or limit mold growth. If the source of water is elevated humidity, relative humidity should be maintained at levels

below 60% to inhibit mold growth (American Society of Heating, Refrigerating and Air-Conditioning Engineers, Inc. Thermal Environmental Conditions for Human Occupancy – ASHRAE Standard (ANSI/ASHRAE 55-1992). Atlanta, Georgia, 1992).

Molds produce tiny spores to reproduce. Mold spores drift through the indoor and outdoor air continually. When mold spores land on a damp spot indoors, they may begin to grow and digest whatever they are growing on in order to survive. There are molds that can grow on wood, paper, carpet, and foods. When excessive moisture or water accumulates indoors, mold growth will often occur, particularly if the moisture problem remains undiscovered or un-addressed. The way to control indoor mold growth is to control moisture.

Should you have any questions concerning this matter, please call me on (202) 535-2999.

Sincerely,

Keith T. Keemer, CIE
Environmental Specialist

**Keith Keemer**
Environmental Specialist - District Dept. of the Environment
51 N Street, NE – 3rd floor – Air Quality Division

# Report under rule 26(a)

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

- **Physical inspection by me noticing mold on wall and baseboards in a bedroom closet. All molded building material should be either cleaned or if necessary, removed and replaced with new material. Accordingly, mold is known to be problematic to several groups of individuals and the cause of moisture/water intrusion should be determined and repaired.**

(ii) the data or other information considered by the witness in forming them;

- **According to the U.S. Environmental Protection Agency (EPA), A Brief Guide to Mold, Moisture and Your Home, [EPA402-K-2003],**
  **http://www.epa.gov/iaq/molds/moldresources.html**

  - **Molds are usually not a problem indoors, unless mold spores land on a wet or damp spot and begin growing. Molds have the potential to cause health problems. Molds produce allergens (substances that can cause allergic reactions), irritants, and in some cases, potentially toxic substances (mycotoxins). Inhaling or touching mold or mold spores may cause allergic reactions in sensitive individuals. Allergic responses include hay fever-type symptoms, such as sneezing, runny nose, red eyes, and skin rash (dermatitis)**.

(iii) any exhibits that will be used to summarize or support them;

**My inspection report**

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

**Certified Indoor Environmentalist (CIE) (Since 2002)**



**Certified Mold Remediator (CMR) (Since 2003)**



**Hazardous Waste Operations Emergency Response (HAZWOPER) (Since 2004)**

![Aerosol Monitoring & Analysis, Inc.]

**Asbestos Supervisor (Since 2004)**

![Aerosol Monitoring & Analysis, Inc.]

**Asbestos Inspector (Since 2007)**

![Aerosol Monitoring & Analysis, Inc.]

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

**Cases for which I've testified in are under research and will be provided**

(vi) a statement of the compensation to be paid for the study and testimony in the case.

**None**

/s/ Keith Keemer


Keith Keemer