UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| SHARMAYNE COSBY, et at., | * |
| Plaintiffs, | * |
| v. | *   Civil Action No.: 1: 07-CV-258 (RWR) |
| FRANCIS D. BURKE, et al., | * |
| Defendants | * |

### MOTION FOR SUMMARY JUDGMENT and/or MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED ON BEHALF OF ALL NAMED DEFENDANTS

Comes now the Defendants, The Kriegsfeld Corporation, Semadra Williams, and Michael Datcher, by and through their attorneys, Patrick G. Cullen, and Rollins, Smalkin, Richards & Mackie LLC, in accordance with Federal Rule of Civil Procedure 12(b)(6), and Federal Rule of Civil Procedure 56, and file this Motion for Summary Judgment and/or Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted, and in support thereof state:

1. That the Plaintiffs have presented no genuine dispute of material fact that ought to be decided by a jury.

2. That the Plaintiffs have not properly plead a cause of action upon which relief may be granted in accordance with Federal Rule of Civil Procedure 12 (b)(6).

3. That Defendants are entitled to judgment as a matter of law.

4. Plaintiff Sharmayne Cosby has not properly plead a cause of action upon which relief may be granted in accordance with Federal Rule of Civil Procedure 12 (b)(6).

5.  That the Defendants incorporate as if fully recited herein, the factual and legal arguments contained in the attached memorandum of law.

**WHEREFORE**, the Defendants respectfully request that this Honorable Court grant the Motion for Summary Judgment and/or Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted, and order the Plaintiffs' Amended Complaint:

a.  Dismissed as to all Defendants, and/or

b.  Dismiss the claims of Sharmayne Cosby, and/or

c.  Enter such other relief as required by law and the interest of justice.

Respectfully submitted,

_____/s/_____
Patrick G. Cullen, Esq.
Rollins, Smalkin, Richards & Mackie LLC
401 N. Charles St.
Baltimore, MD. 21201
*Attorney for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| SHARMAYNE COSBY, et at., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No.: 1: 07-CV-258 (RWR) |
| | * | |
| FRANCIS D. BURKE, et al., | * | |
| | * | |
| Defendants | * | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT and/or MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED ON BEHALF OF ALL NAMED DEFENDANTS**

Comes now the Defendants, The Kriegsfeld Corporation, Semadra Williams, and Michael Datcher, by and through their attorneys, Patrick G. Cullen, and Rollins, Smalkin, Richards & Mackie LLC, and file this Memorandum of Law in Support of Defendants' Motion for Summary Judgment and/or Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted, and state:

**STATEMENT OF FACTS**

On June 6, 2007 the Plaintiff, Sharmayne Cosby, instituted this action alleging against the Defendants violations of the Americans with Disabilities Act in Count I of the Amended Complaint. For her daughter, Sharmayne Cosby alleges a simple claim of negligence in Count II of the Amended Complaint. Plaintiffs allege that the Defendants owned or operated the apartment building in which they were living as of November 19, 2002. (Complaint ¶ 2-5). The Plaintiffs further claim that they were exposed to mold while living in the subject property, 3526 22nd St. S.E. Washington, D.C. They claim that the minor child, Jenarvis Yvonne Cosby,

developed a lung condition as a result of this exposure and had difficulty breathing. (Complaint ¶ 7). The mother, Sharmayne Cosby had a pre-existing lung condition that was allegedly aggravated by the presence of mold in the apartment. (Complaint ¶ 8, 10). The Plaintiffs allege that their request to be given a new apartment was not fulfilled. (Complaint ¶ 21). It is further alleged that the Defendants were cited for several violations by the D.C. Department of Health, Indoor Air Quality department. (Complaint ¶ 14). The Plaintiffs no longer reside at the subject apartment. Plaintiffs claim money damages.

## ARGUMENT

### I. Plaintiff Sharmayne Cosby Fails to Plead Properly a Cause of Action Under the American's with Disability Act as Plaintiff May Not Recover Monetary Damages Under Title III of the Act.

The Plaintiffs' demand for relief is one million dollars ($1,000,000), along with costs and interest. It has long been settled, however, that damages are not an available remedy under Title III of the Act.[1] *See*, 42 U.S.C. § 12188(a)(2); *Dorsey v. City of Detroit*, 157 F.Supp.2d 729 (E.D. Mich. 2001) (monetary damages not available to golfer suing private golf course); *Goodwin v. C.N.J. Inc.*, 436 F.3d 44 (1st Cir. 2006) (no monetary damages available to carpet installer for discrimination on the basis of HIV infection). The Plaintiffs do not request any injunctive relief. Though such relief may be granted by the Court *sua sponte, see Powell v. National Bd. of Medical Examiners*, 364 F.3d 79, 86 (2nd Cir. 2004), any request by the Plaintiffs for an injunction would be moot, as the Plaintiffs no longer live at the subject residence. *e.g. Johnson v. Florida High School Activities Assoc., Inc.*, 102 F.3d 1172 (11th Cir. 1997) (noting that a case is moot when a court cannot give a plaintiff meaningful relief).

---

[1] The Plaintiffs do not cite a specific provision of the American's with Disabilities Act in their Complaint. .

**II. Plaintiffs Present no Genuine Dispute of Material Fact.**

    **A. The Plaintiffs have not Retained an Expert Whose Opinion as to Causation is Admissible Under the *Daubert* Standard.**

As of the date of this Memorandum, the Plaintiffs have not retained, or have not disclosed the retention of an expert who would testify to the causal connection between any alleged mold in the subject residence and the medical conditions complained of. Plaintiffs' witness list includes an individual named Keith Keemer, who inspected the subject apartment on behalf of the Department of Health, and eight treating physicians. Plaintiffs, in response to interrogatories propounded by the Defendants, did not disclose any experts who could testify that the alleged mold caused the Plaintiffs' condition.

None of the current experts retained by the Plaintiffs is able to testify to causation under the *Daubert* standard. Accordingly, the Plaintiffs have not presented any admissible evidence that could establish a link between the alleged mold and any health problems. Under the standard announced in *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), courts consider:

> "1) whether the theory or technique used by expert can be, and has been, tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the method used; and (4) the degree of the method's or conclusion's acceptance within the relevant scientific community."

*Roche v. Lincoln Property Co.*, 278 F.Supp.2d 744, 748 (E.D.Va. 2003).

Federal Courts presiding over other cases involving mold have required experts to have knowledge of the level of mold exposure and to testify that a specific source of harm directly caused the specific medical condition at issue. *See Roche*, 278 F.Supp.2d 744 (where expert's opinion was based on temporal relationship between symptoms and alleged exposure); *Flores v. Allstate Texas Lloyd's Co.*, 229 F.Supp.2d 697 (S.D.Tex. 2002)(where expert had no basis to

5

rule-out other potential allergens as cause of harm); *Jenkins v. Slidella L.L.C.*, 2008 WL 2649510 (E.D.La. 2008)(excluding expert who failed to properly perform a differential diagnosis); *Jazairi v. Royal Oaks Apartment Assoc. L.P.*, 217 Fed.Apx. 895 (11th Cir. 2007) (where expert could only testify that mold caused injuries based on temporal proximity and anecdotal evidence). Here the named witnesses could testify to causation based on a temporal relationship at best. There is no named expert who performed a differential analysis or can testify to causation by an exact mold source. Therefore summary judgment is clearly appropriate.

### B. Plaintiff Sharmayne Cosby Seeks Relief for a Temporary Condition, Not a Permanent Disability.

Plaintiff Sharmayne Cosby's claim that the mold in her residence aggravated her lung condition is not an actionable injury under the Americans with Disabilities Act. Such harm is considered a temporary condition and is not a disability as defined in 42 U.S.C. § 12112. In *Rinehimer v. Cemcolift, Inc.*, the Third Circuit rejected a claim by a worker in an elevator manufacturing plant that dust particles caused his pneumonia. 292 F.3d 375 (3rd Cir. 2002). The Court upheld the trial court's grant of summary judgment in favor of the defendant because "a temporary, non-chronic impairment of short duration is not a disability covered by the ADA." *Id.* at 380. A similar situation is present here where the Plaintiff has only alleged an aggravation of a pre-existing condition; accordingly, summary judgment against Sharmayne Cosby is appropriate.

### III. The United States District Courts have no Jurisdiction Over the Plaintiffs' Remaining Causes of Action.

#### A. There is no Diversity of Citizenship.

In this action, all parties with the exception of one are residents of the District of Columbia. In order for this Court to exercise its diversity jurisdiction under 28 U.S.C. § 1332,

complete diversity is required. *See M.S. Dealer Service Corp. v. Franklin*, 177 F.3d 942 (11th Cir. 1999). Since the residences of the Plaintiffs and several Defendants are in the same jurisdiction, there is no diversity present.

### B. Dismissal of Plaintiff's ADA Claim requires Dismissal of Plaintiff's Negligence Claim.

When a Federal Court exercises jurisdiction over a Federal Question such as the American's with disabilities act, State law questions arising from the same transaction or occurrence may piggyback into Federal Court. 28 U.S.C. § 1441(c). However, without diversity jurisdiction, this basis for hearing a State law claim dissolves when Federal Question jurisdiction ceases to exist. *See Keith v. Clarke American Checks, Inc.*, 261 F.Supp.2d 419 (W.D.N.C. 2003). Accordingly, this Court has no jurisdiction over Count II of the Plaintiffs' Amended Complaint, and it should be dismissed.

### CONCLUSION

For the foregoing reasons, both Counts of the Plaintiffs' Amended Complaint should be dismissed.

Respectfully submitted,

_____/s/_____
Patrick G. Cullen, Esq.
Rollins, Smalkin, Richards & Mackie LLC
401 N. Charles St.
Baltimore, MD. 21201
*Attorney for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| SHARMAYNE COSBY, et at., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No.: 1: 07-CV-258 (RWR) |
| | * | |
| FRANCIS D. BURKE, et al., | * | |
| | * | |
| Defendants | * | |

## TABLE OF AUTHORITIES

| CASES | PAGE # |
|---|---|
| *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993). | 5 |
| *Dorsey v. City of Detroit*, 157 F.Supp.2d 729 (E.D. Mich. 2001). | 4 |
| *Flores v. Allstate Texas Lloyd's Co.*, 229 F.Supp.2d 697 (S.D.Tex. 2002). | 5 |
| *Goodwin v. C.N.J. Inc.*, 436 F.3d 44 (1st Cir. 2006). | 4 |
| *Jazairi v. Roayl Oaks Apartmet Assoc. L.P.*, 217 Fed.Apx. 895 (11th Cir. 2007). | 6 |
| *Jenkins v. Slidella L.L.C.*, 2008 WL 2649510 (E.D.La. 2008). | 6 |
| *Johnson v. Florida High School Activities Assoc., Inc.*, 102 F.3d 1172 (11th Cir. 1997). | 4 |
| *Keith v. Clarke American Checks, Inc.*, 261 F.Supp.2d 419 (W.D.N.C. 2003). | 7 |
| *M.S. Dealer Service Corp. v. Franklin*, 177 F.3d 942 (11th Cir. 1999). | 7 |
| *Powell v. National Bd. of Medical Examiners*, 364 F.3d 79, 86 (2nd Cir. 2004). | 4 |
| *Rinehimer v. Cemcolift, Inc.*, 292 F.3d 375 (3rd Cir. 2002). | 6 |
| *Roche v. Lincoln Property Co.*, 278 F.Supp.2d 744, 748 (E.D.Va. 2003). | 5 |

| **STATUTES** | **PAGE #** |
| --- | --- |
| 28 U.S.C. § 1332 | 6 |
| 28 U.S.C. § 1441(c) | 7 |
| 42 U.S.C. § 12112 | 6 |
| 42 U.S.C. § 12188(a)(2) | 4 |

Respectfully submitted,

_____/s/_____
Patrick G. Cullen, Esq.
Rollins, Smalkin, Richards & Mackie LLC
401 N. Charles St.
Baltimore, MD. 21201
*Attorney for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA
## Civil Division

| | |
|---|---|
| SHARMAYNE COSBY, et at., | * |
| Plaintiffs, | * |
| v. | *   Civil Action No.: 1: 07-CV-258 (RWR) |
| FRANCIS D. BURKE, et al., | * |
| Defendants | * |

## ORDER

Upon consideration of the Motion for Summary Judgment and/or Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted submitted by Defendants, The Kriegsfeld Corporation, Semadra Williams, and Michael Datcher, it is this _____ day of _____ 2008:

**ORDERED** that summary judgment be, and the same is hereby entered on the behalf of Defendants, The Kriegsfeld Corporation, Semadra Williams, and Michael Datcher, and it is further:

**ORDERED** that the Amended Complaint of Plaintiffs Sharmayne Cosby and Jenarvis Yvonne Cosby be dismissed in its entirety.

_____
Judge