UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| **SHARMAYNE COSBY, et al.,** | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No.: 1: 07-CV-258 (RWR) |
| | * | |
| **FRANCIS D. BURKE, et al.,** | * | |
| | * | |
| Defendants. | * | |

## MOTION TO EXTEND DISCOVERY

COMES NOW, plaintiffs, by and through their undersigned counsel, Donna Williams Rucker, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure and, and files the instant Motion to Extend the Discovery Deadline ("Motion") and in support of this Motion states as follows:

1. Discovery is set to close in the above captioned matter on July 28, 2008.

2. This Honorable Court has previously extended the discovery deadline in this case. With the last extension which was requested jointly by the parties, the Court stated that any additional requests to extend discovery will be viewed unfavorably.

3. Plaintiffs' are now compelled to respectfully request another extension of the discovery deadline limited to the sole purpose of allowing plaintiff to complete the depositions which were set by agreement of the parties for July 22, 2008.

4. The parties, with the last extension requested, agreed to set the remaining depositions within the extension requested. Defendants were to depose the plaintiffs on July 21, 2008 and Plaintiffs were set to take the deposition of defendants Datcher, Williams and the Rule 30(b)(6) of defendant SA, Inc.

5. Plaintiffs appeared at the office of counsel for all defendants on July 22, 2008. Counsel for all defendants, Mr. Cullen, began the depositions and did not raise, or even allude to the existence of any issues in the case. Mr. Cullen proceeded to depose each plaintiff. Immediately after the conclusion of the plaintiff's deposition, Mr. Cullen informed plaintiff's counsel (Rucker) that some issue(s) was raised about his firm continuing to represent all defendants due to some potential conflict of interest and he discussed the allegations.[1] Plaintiffs' counsel informed Mr. Cullen that this was discussed briefly with the attorney from his office who was handling the file when the case was first filed.

6. Mr. Cullen then stated that he was cancelling the depositions that plaintiff had scheduled for the next day because of the allegations of conflict and he stated that he was not sure the role his firm would continue to have in the case, if any . Plaintiff's counsel expressed great concern that any issue with respect to his firm's role in case, and potential of other attorneys joining the case on behalf of the owners had not been discussed before he began the deposition of the plaintiffs.[2] Plaintiffs' counsel advised Mr. Cullen that she would not produce the plaintiffs at a later date since he had chosen to go forward with the plaintiffs' depositions without disclosing any o the issues he was obviously aware of before the depositions begin. At the time the defendants' counsel (Cullen) deposed plaintiffs his firm represented all defendants. Mr. Cullen stated to counsel "that's your problem".

7. Plaintiffs' counsel raised concerns about the fact that discovery was set to end within a week and she reminded counsel of the Court's warning in granting the last extension.

---

[1] Mr. Cullen's firm presently represents all defendants, and this includes the management company, Kriegsfeld, the individually named defendants and the owners and SA, Inc a company owned by the owners, some of whom are deceased.

[2] Mr. Cullen stated to plaintiffs' counsel that the insurance company told him prior to the July 21, 2008 day that based on the potential conflict to cancel the depositions. Mr. Cullen stated that the insurance company had received some correspondence from attorneys for the owners.

Mr. Cullen faxed over a letter after the plaintiffs' depositions canceling the depositions, and plaintiffs did not hear from him again.

8. However, on July 25, 2008, Mr. Cullen and his firm filed a Motion to dismiss or in the alternative for Summary Judgment. Plaintiff's counsel is perplexed that Mr. Cullen's firm filed the Motion on behalf of all defendants after he cancelled the defendants' depositions maintaining he was not able to act based on this alleged conflict.

9. Plaintiffs' are aware of and respect this Honorable Court's view of granting another extension, however, plaintiffs are compelled in all fairness to request this limited extension of the discovery deadline or plaintiffs to conduct the depositions that defendants' summarily cancelled the day before they were to occur.[3]

10. Rule 6(b) of the Federal Rules of Civil Procedure states that "[w]hen by these rules or by notice given thereunder or by order of the court an act is required or allowed to be done at or within a specified time, the court for good cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order…".

11. No party will be prejudiced if this limited extension is granted.

12. Prior to filing this motion, plaintiffs' counsel was unable to reach defendant's counsel to obtain his consent.

WHEREFORE, based upon the foregoing, plaintiffs' respectfully moves this honorable Court for a limited extension of the discovery deadline solely for plaintiff to obtain the discovery

---

[3] Plaintiffs are also due discovery which consists of the medical records defendants received from subpoenas served. Some records were given at the deposition but plaintiff has not received all of the records. Also pictures were shown by defendants at the deposition which were never produced during discovery.

outstanding, and for such other and further relief as deemed just and proper.

                              Respectfully submitted,

                              */s/ Donna Williams Rucker*
                              Donna Williams Rucker, Esq.
                              DuBoff & Associates, Chtd.
                              8401 Colesville Rod, Ste. 501
                              Silver Spring, Maryland 20910
                              (301) 495-3131
                              (301) 587-1872

UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| **SHARMAYNE COSBY, et al.,** | * | |
| | * | |
|     **Plaintiffs,** | * | |
| | * | |
| v. | * | Civil Action No.: 1: 07-CV-258 (RWR) |
| | * | |
| **FRANCIS D. BURKE, et al.,** | * | |
| | * | |
|     **Defendants.** | * | |

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the foregoing Motion to Extend Discovery Deadline was sent, via the Court's ECF system this 28th day of July 2008, to all counsel of record.

                                              */s/ Donna Williams Rucker*
                                              Donna Williams Rucker, Esq.

UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| **SHARMAYNE COSBY, et al.,** | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No.: 1: 07-CV-258 (RWR) |
| | * | |
| **FRANCIS D. BURKE, et al.,** | * | |
| | * | |
| Defendants. | * | |

**PROPOSED ORDER**

UPON CONSIDERATION of the Plaintiffs' Motion to Extend Discovery and Continue the Post-Discovery Status Conference, and the record herein, it is this _____ day of _____, 2008,

ORDERED that the Plaintiffs' Motion to Extend Discovery, limited to the sole purposes of the plaintiffs' receiving discovery, including depositions of defendants Datcher, Williams, and previously noted representatives of defendant SA, Inc., be and hereby is GRANTED; and it is further

ORDERED that the Discovery closed deadline is the _____ day of _____, 2008.

SO ORDERED.

_____
JUDGE RICHARD W. ROBERTS
United States District Court for
the District of Columbia

Copies to:

Donna Williams Rucker, Esquire
Via electronic filing

Patrick G. Cullen, Esquire (*Pro Hac Vice*)
Via electronic filing

UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| **SHARMAYNE COSBY, et al.,** | * |
| | * |
|     **Plaintiffs,** | * |
| | * |
| v. | *   Civil Action No.: 1: 07-CV-258 (RWR) |
| | * |
| **FRANCIS D. BURKE, et al.,** | * |
| | * |
|     **Defendants.** | * |

**PROPOSED ORDER**

UPON CONSIDERATION of the Plaintiffs' Motion to Extend Discovery and Continue the Post-Discovery Status Conference, and the record herein, it is this _____ day of _____, 2008,

ORDERED that the Plaintiffs' Motion to Extend Discovery, limited to the sole purposes of the plaintiffs' receiving discovery, including depositions of defendants Datcher, Williams, and previously noted representatives of defendant SA, Inc., be and hereby is GRANTED; and it is further

ORDERED that the Discovery closed deadline is the _____ day of _____, 2008.

SO ORDERED.

 

_____
JUDGE RICHARD W. ROBERTS
United States District Court for
the District of Columbia

Copies to:

Donna Williams Rucker, Esquire
Via electronic filing

Patrick G. Cullen, Esquire (*Pro Hac Vice*)
Via electronic filing