UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| SHARMAYNE COSBY, et at., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No.: 1: 07-CV-258 (RWR) |
| | * | |
| FRANCIS D. BURKE, et al., | * | |
| | * | |
| Defendants | * | |

**Memorandum of Defendants The Kriegsfeld Corporation, Michael Datcher and Semadra Williams the Issue of Waiver of Conflict of Interest**

Defendants The Kriegsfeld Corporation, Michael Datcher and Semadra Williams, hereinafter collectively referred to as "the managers" by Patrick G. Cullen, Esq. and Rollins, Smalkin, Richards & Mackie, their attorneys, submit this Memorandum on Issue of Waiver of Conflict of Interest as to Francis D. Burke, SA, Inc., Henry C. Cashen, II, and D. Richard Thissen, hereinafter collectively referred to as "the owners."

Procedural Posture

This matter came before the Court on Friday August 1, 2008 for a status conference. At the hearing the subject of the undersigned defense counsel's conflict of interest vel-non arose in the context of the very recent entry of appearance by additional counsel for the owners. Newly entered counsel for the owners requested a very brief extension of the discovery deadline to permit such counsel to conduct discovery. The Court, before ruling on that request, asked counsel for the managers[1] to submit a memorandum on the issue of whether the owners waived any conflict of interest that might exist. This is that memorandum.

---

[1] The undersigned counsel have filed this date a Motion to Strike their appearance and that of their firm from the case insofar as their appearance is entered on behalf of the owners.

Facts

On or about June 26, 2007 Plaintiff filed an amended Complaint against the managers and the owners. The Amended Complaint in Count 1 refers to the Americans with Disabilities Act and, in paragraphs 3, 4 and 5, allege that the managers had the duty to comply with all health and safety codes and, as to The Kriegsfeld Corporation, that it had the duty to comply with all "laws and regulation (sic)." It further is alleged that the owners had hired the managers for that purpose.

On June 5, 2008 the deposition of Lee Kriegsfeld was taken as the corporate designee of The Kriegsfeld Corporation and individually. During the course of that deposition he testified as to facts concerning the owner of the apartment complex involved in this litigation. At pages 95 and following he was asked about the September 28, 2005 Letter of Determination issued by the Office of Human Rights for the Government of the District of Columbia. Specifically he was asked whether he agreed with the finding of Director of the Office of Human Rights that in essence exonerated Southview II Associates (described as the owner of the property at 3526 22nd Street, Washington, D.C.).

Mr. Kriegsfeld at page 98 of his deposition[2] testified that he believed the owners did not support any capital expenditure that would not directly inure to the goal of making the property more marketable. That attitude, he said, "created an environment for decision-making that was extraordinarily difficult and unusual." He also stated that the owners intentionally blocked a flow of information to them about operational issues.[3]

Upon receipt of the transcript on June 16, 2008, undersigned counsel sent a copy of it to Donald Wylie, Esq. in Baltimore, who represents the owners. Undersigned counsel had spoken

---

[2] Pages 95 through 99 of Mr. Kriegsfeld's deposition are attached as Exhibit 1.
[3] Pages 173 to 175 of Mr. Kriegsfeld's deposition are attached as Exhibit 2.

to Mr. Wylie in an attempt to arrange to have the owners' representative identified so that a corporate designee could be met by counsel and prepared for a deposition scheduled for July 22, 2008. By letter of July 16, 2008, Mr. Wylie wrote to the insurance carrier for Southview and stated that undersigned counsel had a conflict of interest that should prevent him from representing the owners at the scheduled deposition. The insurance carrier then selected other counsel for the owner and instructed counsel to postpone the deposition of the corporate designee. On July 21, 2008 the undersigned counsel advised Plaintiff's counsel that new counsel would be entering the case and that it was necessary to cancel the depositions set for the next day.

Issue

DID THE OWNERS WAIVE THE CONFLICT OF INTEREST BETWEEN THE OWNERS AND THE MANAGERS?

Conclusion as to Issue Stated

THE OWNERS DID NOT WAIVE THE CONFLICT OF INTEREST BETWEEN THE OWNERS AND MANAGERS.

Reason for Conclusion Just Stated

The conflict[4] arose on June 5, 2008 when Lee Kriegsfeld testified in such a manner as to suggest that the owners might arguably be culpable on some account for the wrongs of which Plaintiffs complain. Thereafter, personal counsel for the owners, within 30 days of being notified of the testimony of Mr. Kriegsfeld, contacted the insurance carrier to request that new counsel be assigned for the owners. There was no affirmative act by the owners during that 30 day period to suggest they waived the conflict in question.

---

[4] For the purpose of this memorandum it is assumed that there is a conflict. The Rules of Professional Conduct as adopted by the District of Columbia Court of Appeals governs the resolution of that question should it arise. LCvR 83.15(a). Court of Appeals Rule 1.7 covers the topic of conflict of interest.

## Conclusion

For the reasons stated above, the Court should rule that the owners did not waive any conflict of interest which is asserted by the owners.

Respectfully submitted,

ROLLINS, SMALKIN, RICHARDS & MACKIE, LLC


_____/S/_____
Patrick G. Cullen, Esquire
401 North Charles Street
Baltimore, MD 21201
410-727-2443


_____/S/_____
Andrew T. Nichols, Esquire (Bar No. 978866)
401 North Charles Street
Baltimore, MD. 21201
410-727-2443
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| SHARMAYNE COSBY, et at., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No.: 1: 07-CV-258 (RWR) |
| | * | |
| FRANCIS D. BURKE, et al., | * | |
| | * | |
| Defendants | * | |

## TABLE OF AUTHORITIES

**STATUTES/RULES**                                                                **PAGE #**

Local Rule LCvR 83.15(a)                                        3

DC Court of Appeals Rule 1.7                                3

Respectfully submitted,

ROLLINS, SMALKIN, RICHARDS & MACKIE, LLC


_____/S/_____
Patrick G. Cullen, Esquire
401 North Charles Street
Baltimore, MD 21201
410-727-2443


_____/S/_____
Andrew T. Nichols, Esquire (Bar No. 978866)
401 North Charles Street
Baltimore, MD. 21201
410-727-2443
*Attorneys for Defendants*