UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| SHARMAYNE COSBY, et al | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No: 1:07-CV-258 (RWR) |
| FRANCIS D. BURKE, et al | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION OF DEFENDANTS SA, INC., FRANCIS D. BURKE,
HENRY C. CASHEN, II, AND D. RICHARD THISSEN
TO AMEND SCHEDULING ORDER**

Defendants, SA, Inc., Francis D. Burke, Henry C. Cashen, II and D. Richard Thissen, by their undersigned counsel and pursuant to Rules 6 and 16 of the *Federal Rules of Civil Procedure* as well as the Local Rules of this Court and this Court's August 1, 2008 Order, move the Court to amend the Scheduling Order to allow additional time for discovery, and state as follows:

1.      That for the reasons set forth in the accompanying Memorandum of Law, these Defendants should be permitted an opportunity to propound discovery to the Plaintiff and to their co-Defendants; and,

2.      That for the reasons set forth in the accompanying Memorandum of Law, the Scheduling Order should be amended to allow these Defendants an additional sixty days within which to conduct discovery; and,

3.    That for the reasons set forth in the accompanying Memorandum of Law,

the Scheduling Order should be amended to permit these Defendants an opportunity to file

a properly supported Motion for Summary Judgment at the close of discovery.

WHEREFORE, Defendants, SA, Inc., Francis D. Burke, Henry C. Cashen, II and

D. Richard Thissen, respectfully request that the Court amend the Scheduling Order and

extend the discovery deadline and related deadlines by sixty days, and request such

additional and further relief as the Court may deem necessary.


Respectfully submitted,


Kathleen M. Bustraan
Bar ID:  MD24417
Jennifer S. Lubinski
Bar ID: MD 25160
Lord & Whip, P.A.
Charles Center South, 10th Floor
36 South Charles Street
Baltimore, Maryland  21201-3020
(410) 539-5881

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___15th___ day of August, 2008, a copy of the foregoing Motion Of Defendants SA, Inc., Francis D. Burke, Henry C. Cashen, II, and D. Richard Thissen To Amend Scheduling Order, Memorandum of Law in Support thereof and proposed Order was electronically filed and distributed to all counsel of record.


Jennifer S. Lubinski

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| SHARMAYNE COSBY, et al | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No: 1:07-CV-258 (RWR) |
| FRANCIS D. BURKE, et al | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS SA, INC., FRANCIS D. BURKE, HENRY C. CASHEN, II, AND D. RICHARD THISSEN TO AMEND SCHEDULING ORDER

Defendants, SA, Inc., a District of Columbia corporation, Francis D. Burke,[1] individually, Henry C. Cashen, II, individually, and D. Richard Thissen, individually, (hereinafter, collectively the "Owner Defendants"), by their undersigned counsel and pursuant to Rules 6 and 16 of the *Federal Rules of Civil Procedure* as well as the Local Rules of this Court and this Court's August 1, 2008 Order, file this Memorandum of Law in Support of their Motion to Amend the Scheduling Order, and state:

### STATEMENT OF FACTS

Until recently, the Owner Defendants were represented by other counsel. On or about July 31, 2008, undersigned counsel moved to enter their appearances on behalf of the Owner Defendants. All of the parties appeared before the Court for a status

---

[1] Defendants Burke and Thissen are not proper parties to this action as, among other reasons, both pre-deceased the filing of this action and Plaintiff has made no effort to join their Estates. Counsel file this Motion without waiver of the procedural defect in Plaintiff's papers.

conference on August 1, 2008. The Plaintiff, having moved in advance for an extension of time to complete discovery, requested a thirty day extension of time. Undersigned counsel consented to Plaintiff's request and requested an extension of time on behalf of the Owner Defendants. The Plaintiff opposed that request, and the Court instructed undersigned counsel as well as former counsel for the Owner Defendants to brief the issues raised by the request.

On August 8, 2008, former counsel formally moved to withdraw his appearance and briefed the Court on the circumstances supporting his request to withdraw. That motion is currently pending before the Court. This motion is filed by the Owner Defendants in support of their request for a sixty day extension of the time for discovery.

The Plaintiff claims in this litigation that she and her minor daughter were exposed to mold or mildew in their apartment around 2002. Amended Complaint at ¶¶ 7, 8, 10. At the time of the alleged exposure, the Plaintiff and her daughter were living at 3526 22nd Street S.E., Washington, D.C., in an apartment complex known as "Southview East." *Id.* at ¶¶ 2, 5, 15. At that time, Southview East was owned by Southview Associates II, a District of Columbia limited partnership ("Southview II"). Affidavit of Kevin Toomey, Exhibit 1. In 2002, SA, Inc., one of the Owner Defendants, was the sole general partner of Southview II. *Id.* ; Excerpts from Southview Associates II Certificate of Limited Partnership and Agreement, Exhibit 2.[2] Prior to his death in 2001, Francis D. Burke held a general partner interest in Southview II. Pursuant to the partnership agreement for

---

[2] The complete Agreement is voluminous and only the relevant portion is attached to this Memorandum. However, counsel will make a complete copy of the exhibit available to the parties and/or the Court upon request.

Southview II, such general partner interest automatically transferred to SA, Inc. upon the death of Francis D. Burke. Henry C. Cashen, II, D. Richard Thissen, and Francis D. Burke, each individually, held limited partner interests in Southview II.[3] *Id.* Both Francis D. Burke and D. Richard Thissen died *before* the events giving rise to this litigation occurred.[4] In addition to the Owner Defendants, Kriegsfeld Corporation and certain Kriegsfield employees were named as defendants in the Complaint. At the time of the alleged incidents, Kriegsfeld Corporation was the property manager of Southview East and Semadra Williams and Michael Datcher were employees of Kriegsfeld Corporation. Amended Complaint at ¶¶ 3, 4, 5.

The Owner Defendants have not propounded written discovery requests to the Plaintiff to date. Additionally, they have not propounded written discovery to the Kriegsfeld Defendants. As counsel for the Kriegsfeld Defendants pointed out in his motion to withdraw, a representative of Kriegsfeld Corporation testified at his deposition on June 5, 2008 that the Kriegsfeld Defendants did not undertake certain remedial work at the Plaintiff's apartment because they were not authorized to do so by the Owner Defendants. Conflict of Interest Memorandum at 2-3. The Owner Defendants accordingly have not been allowed the opportunity to date to explore the bases for the Plaintiff's claims of liability against them. This is particularly troublesome considering

---

[3] Upon his death, the limited partner interest of Francis D. Burke became an asset of the Francis D. Burke estate.

[4] Mr. Burke died on July 22, 2001. Death Certificate for Francis D. Burke, Exhibit 3. Mr. Thissen died on August 28, 1995. Death Certificate for D. Richard Thissen, Exhibit 4. Former counsel for the Defendants explained these circumstances to Plaintiff's counsel and requested that the Plaintiff voluntarily dismiss her claims against the deceased Defendants. Correspondence from Michael Giacomazzo to Donna Williams Rucker dated December 27, 2007, Exhibit 5. The Plaintiff has to date refused to dismiss her claims against the deceased Defendants, despite the fact that the laws of both Massachusetts, where the Estates were administered, and the District of Columbia, where this case is pending, clearly preclude this action.

the fact that two of the Owner Defendants, Thissen and Burke, predeceased the events

giving rise to this litigation, and one of them, Cashen, was a limited partner only in the

limited partnership which owned the premises.[5]   The Owner Defendants have also not

been permitted an opportunity to explore the claims of the Kriegsfeld Defendants that they

somehow interfered with remediation at the Plaintiff's apartment.   The Owner Defendants

request a limited discovery extension to allow them to address these issues.

## ARGUMENT

Rule 16 of the *Federal Rules of Civil Procedure* states that a scheduling order may

be modified only for good cause and with leave of the Court.   Rule 6(b) allows the Court

to extend the time for completion of an act on motion filed within the time for acting if

good cause is shown, or after the time for completing the act has expired if the party failed

to act as a result of excusable neglect.   This Court may modify the Scheduling Order if it

determines that a deadline can not and could not have been met despite the diligence of

the party seeking the extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604,

609 (9th Cir. 1992); 3 MOORE'S FEDERAL PRACTICE § 16.14[b] (2003) (stating that "good

cause is likely to be found when the moving party has been generally diligent, the need for

more time was neither foreseeable nor its fault, and refusing to grant the continuance

would create a substantial risk of unfairness to that party"). *See also Beale v. District of

Columbia*, 545 F. Supp.2d 8 (U.S.D.C. 2008) (holding that a party's counsel substitution

constituted good cause for discovery extension and did not unduly prejudice other party);

---

[5]   Clearly, Defendants Thissen, Burke and Cashen should not be named as parties in this case for these reasons
alone.  They anticipate filing a motion for summary judgment on these issues at the appropriate time.

ME1 7619368v.2

*c.f. Hussein v. Nicholson*, 435 F.3d 359 (D.C. Cir. 2006) (denying party's request to reopen discovery based upon substitution of counsel because motion to reopen was filed three months after the close of discovery and after the filing of other party's dispositive motion).

Counsel who previously represented the Owner Defendants has indicated to the Court that he did not know of the existence of a conflict of interest between the Owner Defendants and the Kriegsfeld Defendants until the June 5, 2008 deposition of Kriegsfeld. Counsel promptly advised the Owner Defendants of the conflict and the Owner Defendants in turn promptly requested that independent counsel be assigned to defend them in this case. Conflict of Interest Memorandum at 2-3. Undersigned counsel were retained on or about July 28, 2008, entered their appearances on July 31, 2008, and raised this discovery issue with the Court at the status conference on August 1, 2008. The conflict of interest which arose at Kriegsfeld's deposition was unforeseen and the Owner Defendants responded diligently when they learned of it. Additionally, discovery has not yet closed in that the Court has granted the Plaintiff's request for a discovery extension.

Our judicial system "reflects a strong presumption in favor of adjudication on the merits." *English-Speaking Union v. Johnson*, 353 F.3d 1013, 1021 (D.C. Cir. 2004) (quoting *Shepard v. American Broad. Cos.*, 62 F.3d 1469, 1475 (D.C. Cir. 1995)). The Owner Defendants request a very brief discovery extension which will permit them to adequately prepare a defense to the Plaintiff's claims. Additionally, such an extension will allow them to file a properly supported motion for summary judgment at the close of discovery. The Owner Defendants do not seek to reopen depositions which have already

been concluded.  The Plaintiff has already requested, and has been granted, a thirty day discovery extension.  Accordingly, the sixty day extension requested by these Defendants will not unduly prejudice the other parties to this litigation.

WHEREFORE, Defendants, SA, Inc., Francis D. Burke, Henry C. Cashen, II and D. Richard Thissen, respectfully request that the Court amend the Scheduling Order and extend the discovery deadline and related deadlines by sixty days, and request such additional and further relief as the Court may deem necessary.

Respectfully submitted,

Kathleen M. Bustraan
Bar ID:  MD24417
Jennifer S. Lubinski
Bar ID: MD 25160
Lord & Whip, P.A.
Charles Center South, 10th Floor
36 South Charles Street
Baltimore, Maryland  21201-3020
(410) 539-5881

ME1 7619368v.2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

SHARMAYNE COSBY, et al          *

    Plaintiffs               *

v.                              *      Civil Action No: 1:07-CV-258 (RWR)

FRANCIS D. BURKE, et al        *

    Defendants           *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>AFFIDAVIT OF KEVIN J. TOOMEY</u>

1.     I, the undersigned, have personal knowledge of the matters set forth herein, am over eighteen years of age, and am otherwise qualified to testify.

2.     In 2002, Southview East, the apartment complex described in the aforegoing Memorandum of Law in Support of Motion of Defendants SA, Inc., Francis D. Burke, Henry C. Cashen, II, and D. Richard Thissen to Amend Scheduling Order was owned by Southview Associates II, a District of Columbia limited partnership.

3.     In 2002, SA, Inc., was the sole general partner of Southview II.

4.     Prior to his death in 2001, Francis D. Burke held a general partner interest in Southview II.

5.     Pursuant to the partnership agreement for Southview II, such general partner interest automatically transferred to SA, Inc. upon the death of Francis D. Burke.

6.     Henry C. Cashen, II, D. Richard Thissen, and Francis D. Burke, each individually, held limited partner interests in Southview II.

ME1 7631230v.3



Further, Affiant sayeth not.

I DO SOLEMNLY DECLARE AND AFFIRM UNDER PENALTY OF PERJURY THAT THE CONTENT OF THIS AFFIDAVIT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

Kevin J. Toomey

Date:  August 14, 2008

COMMONWEALTH OF MASSACHUSETTS, COUNTY OF SUFFOLK, TO WIT:

I HEREBY CERTIFY, that on this 14th day of August, 2008, before me the subscriber, a Notary Public, in and for the State and County aforesaid, personally appeared Kevin J. Toomey , who signed the foregoing Affidavit on his behalf and acknowledged same to be his act and deed.

As Witness my Hand and Notarial Seal.

Notary Public

My Commission Expires: _____

DIANE M. MONTEIRO
Notary Public
Commonwealth of Massachusetts
My Commission Expires
June 26, 2009

ME1 7631230v.3

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS



# C E R T I F I C A T E

**THIS IS TO CERTIFY**  that the attached is a true and correct copy of the documents for this entity as shown by the records of this office.

**IN TESTIMONY WHEREOF**  I have hereunto set my hand and caused the seal of this office to be affixed this **2nd** day of **April, 2007** .

LISA M. MORGAN
Interim Director

PATRICIA E. GRAYS
Superintendent of Corporations
Corporations Division

Adrian M. Fenty
Mayor

EXHIBIT
2

*P.02102*

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS



# CERTIFICATE

**THIS IS TO CERTIFY** that all applicable provisions of the DISTRICT OF COLUMBIA **UNIFORM PARTNERSHIP ACT OF 1996** have been complied with and accordingly, this *CERTIFICATE OF CANCELLATION* is hereby issued to:

**SOUTHVIEW ASSOCIATES II**

as of the **1st** day of **February, 2007.**

·  Interim Director
   LISA M MORGAN

Business and Professional Licensing Administration

*Patricia E. Grays* ℰ𝒳𝒮

PATRICIA E. GRAYS
Superintendent of Corporations
Corporations Division

Adrian M. Fenty
Mayor

*Second Amendment*

SOUTHVIEW ASSOCIATES II
FIRST AMENDED AGREEMENT AND
CERTIFICATE OF LIMITED PARTNERSHIP

TABLE OF CONTENTS

Page

ARTICLE I
CONTINUATION OF THE PARTNERSHIP

1.01.    Continuation.........................................1
1.02.    Name................................................1
1.03.    Principal Office, Place of Business and
         Records to be Kept.................................1
1.04.    Term................................................1
1.05.    Filing of Agreement and Perfection of Limited
         Partnership.........................................1

ARTICLE II
DEFINED TERMS...................................................2

ARTICLE III
PURPOSE AND BUSINESS OF THE PARTNERSHIP

3.01.    Purpose of the Partnership..........................6
3.02.    Authority of the Partnership........................6

ARTICLE IV
REPRESENTATIONS, WARRANTIES AND COVENANTS

4.01.    Representations, Warranties and Covenants
         of Burke and SA.....................................8

ARTICLE V
PARTNERS AND PARTNERSHIP INTERESTS

5.01.    Partners, Capital Contributions and
         Partnership Interests..............................13
5.02.    Return of Capital Contribution.....................15
5.03.    Withholding of Capital Contributions, and
         of Fees to Burke, SA, and Their
         Affiliates.........................................16

ARTICLE VI
CHANGES OF GENERAL PARTNER

6.01.    Withdrawal of General Partner......................17
6.02.    Admission of a Successor or Additional
         General Partner....................................18
6.03.    Effect of Bankruptcy, Death, Withdrawal,
         Dissolution of Incompetence of a General
         Partner............................................19

TABLE OF CONTENTS (Continued)

Page

ARTICLE VII
MANAGEMENT AND OPERATION OF THE PARTNERSHIP

7.01.   Management of the Partnership........................21
7.02.   Limitations Upon the Authority of the
        General Partners...................................21
7.03.   Management Purposes................................22
7.04.   Delegation of Authority............................22
7.05.   General Partners or Affiliates Dealing with
        the Partnership....................................22
7.06.   Other Activities...................................23
7.07.   Net Worth..........................................23
7.08.   Liability for Acts and Omissions...................23
7.09.   Assignment to Partnership..........................23
7.10.   Operating Deficits.................................24
7.11.   Management and Consulting Services.................24
7.12.   Establishment of Escrows...........................25
7.13.   Cost Savings and Income Prior to Final
        Closing............................................25
7.14.   Construction of Project Overruns; Develop-
        ment Fees and Cost Reimbursement...................25
7.15.   Rental Supervision Services........................27
7.16.   Organization Fee...................................28
7.17.   Partnership Investor Services......................28
7.18.   Removal of Burke and SA............................28
7.19.   Postponement or Withholding of Fees................30
7.20.   Selection, Removal and Replacement of
        Management Agent...................................30
7.21.   Loans to the Partnership...........................31
7.22.   Contingency Reserves...............................32
7.23.   Reports............................................32
7.24.   Distribution of Net Cash Flow......................33
7.25.   Assets for Payment of Fees.........................33

ARTICLE VIII
TRANSFER AND RESTRICTIONS ON TRANSFERS OF INTERESTS
OF LIMITED PARTNERS

8.01.   Purchase for Investment............................35
8.02.   Restrictions on Transfers of Investor
        Limited Partners' Interests........................35
8.03.   Admission of Substitute Limited Partner............36
8.04.   Rights of Assignee of Partnership Interest.........37
8.05.   Effect of Bankruptcy, Death or Incompetence
        of a Limited Partner...............................37
8.06.   HUD Requirements on Assignments....................38

TABLE OF CONTENTS (Continued)

Page

ARTICLE XIV
GENERAL PROVISIONS

14.01.    Burden and Benefit.....................................52
14.02.    Applicable Law........................................52
14.03.    Pronouns and Plurals..................................52
14.04.    Counterparts..........................................52
14.05.    Separability and Provisions...........................52
14.06.    HUD Requirements......................................52

P 02102



DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS
BUSINESS AND PROFESSIONAL LICENSING ADMINISTRATION
CORPORATIONS DIVISION

Government
Of the District of Columbia
DCRA
Corporations Division
P.O. Box 92300
WASHINGTON, D.C. 20090

## CERTIFICATE OF CANCELLATION OF LIMITED PARTNERSHIP

1. Name of the Limited Partnership:
**Southview Associates II**

2. Date of filing of the certificate of limited partnership:
**September 7, 1983**

3. Reason for filing the certificate of cancellation:

_____ **X** _____ Dissolution of the limited partnership; winding up of partnership has commenced.

_____ There are no remaining limited partners.

4. Effective date of cancellation, if not upon filing:

_____

I (we) acknowledge that making a false statement in this certificate is punishable by criminal penalties under section 404 of the District of Columbia Theft and White Collar Crime Act of 1982.

**THIS CERTIFICATE MUST BE SIGNED BY ALL GENERAL PARTNERS, OR, IF THERE ARE NO GENERAL PARTNERS, BY A MAJORITY OF THE LIMITED PARTNERS.**

_____ **X** _____ The signatures below are of all the general partners.

_____ The signatures below are _____ of a total of _____ limited partners.

SA Inc.
its general partner

by: _Joan M. Burke, President_
Joan M. Burke, President

Signature: _____

Name: _____

Signature: _____

Name: _____

Signature: _____

(Attach additional signatures and names if necessary.)
FILE IN DUPLICATE WITH ORIGINAL SIGNATURES ON EACH
Department Use Only: Filing Fee: $70.00 _____ Date Filed: FEB - 1 200By:

LP# _____

**For General Information Call:**
**The Corporations Division - (202) 442-4432**

Please check our corporate website to view organizations required to register, to search business names, to obtain step-by-step guidelines to register an organization, to search registered organizations, and to download forms and documents. Simply log onto our website at www.dcra.dc.gov, click on "Corporate Registrations" and procedure as prompted.

To ensure timely and accurate processing of this document, mail all required forms and payment to:

**Department of Consumer and Regulatory Affairs**
**Corporations Division**
**P.O. Box 92300**
**Washington, D.C. 20090**

**For Overnight Delivery send to:**
**Corporate**
**Bank of America**
**Attention: D.C. Government**
**Wholesale Lockbox # 92300**
**Mail code MD4-301-18-04**
**18th floor**
**225 North Calvert Street**
**Baltimore, Maryland 21202**

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS



# CERTIFICATE

**THIS IS TO CERTIFY**  that the attached is a true and correct copy of the documents for this entity as shown by the records of this office.

**IN TESTIMONY WHEREOF**  I have hereunto set my hand and caused the seal of this office to be affixed this **2nd** day of **April , 2007 .**

LISA M. MORGAN
Interim Director

PATRICIA E. GRAYS
Superintendent of Corporations
Corporations Division

Adrian M. Fenty
Mayor

218047

First

AMENDMENT TO THE
CERTIFICATE OF LIMITED PARTNERSHIP
OF SOUTHVIEW ASSOCIATES II

Oct 11  3 04 PM '83

The undersigned, being all of the Limited and General
Partners of Southview Associates II (the "Partnership"), a limited
partnership organized and operating under the laws of the District
of Columbia, do hereby certify that:

WHEREAS the Partnership was formed for the purpose of owning
and developing a multi-family housing project containing apartment
units pursuant to Section 221(d)(4) and/or Section 11(b) of the
National Housing Act; and

WHEREAS Recital 2 in the Certificate states that the
Partnership was formed for the purpose of owning and developing a
multi-family housing project containing apartment units pursuant
to Section 21(d)(4) or Section 11(b) of the National Housing Act.

NOW THEREFORE, the Certificate of Limited Partnership of
Southview Associates II is hereby amended, in compliance with
Chapter 41, Section 409 of the Code of Laws of the District of
Columbia, as follows:

1. The reference to Section 21(d)(4) in the third line of
the second Recital is hereby deleted and the phrase "Section
221(d)(4)" shall be inserted.

2. The word "or", appearing as the last word in the third
line of the second Recital is hereby deleted and the phrase "and/

-2-

or" shall be inserted in its place.

IN WITNESS WHEREOF, the parties hereto have executed this Amendment under seal as their free acts and deeds on this the third day of October, 1983.

General Partners

ATTEST:                                    S.A., INC.

_____

_____          By _____
Witness                                    Francis D. Burke

                                           Limited Partners

_____          _____
Witness                                    Francis D. Burke

_____          _____
Witness                                    D. Richard Thissen

_____          _____
Witness                                    Henry C. Cashen, II

                                           THOMAS P. HARKINS, INC.

ATTEST:

_____          By _____

- 3 -

District of Columbia) SS.

I, James D. Lynch, Jr.    , a Notary Public in and for the
District of Columbia do hereby certify that Francis D. Burke
appeared before me and being duly sworn (or affirmed) did
say that he is an officer and agent of S.A., Inc. and that this *bearing date 5 Oct. 1983*
Amendment to the Certificate of Southview Associates II, was
signed by him individually and on behalf of S.A., Inc. as his
free act and deed.

Given under my hand and seal this 5th day of October    , 1983.

Notary Public
My commission expires:

James D. Lynch, Jr.
D.C. Notary Public
My Commission Expires July 14, 1988

District of Columbia) SS.

I, James D. Lynch, Jr.   , a Notary Public in and for the
District of Columbia do hereby certify that Henry C. Cashen, II,
as a Limited Partner being a party to the foregoing Amendment to
the Certificate of Limited Partnership of Southview Associates II,
*bearing date 5 Oct. 1983*
personally appeared before me and acknowledged execution of said
Amendment to be his free act and deed.

- 4 -

Given under my hand and seal this 5th day of October , 1983.

_____
Notary Public
My commission expires:

James D. Lynch, Jr.
D.C. Notary Public
My Commission Expires July 14, 1988

District of
Columbia
) SS.
)
)

I, RICHARD-SCOTT BUROW, a Notary Public in and for the
District do hereby certify that D. Richard Thissen,
as a Limited Partner, being a party to the foregoing Amendment to
the Certificate of Limited Partnership of Southview Associates II, bearing date 5 oct. 1983
personally appeared before me and acknowledged execution of said
Amendment to be his free act and deed.

Given under my hand and seal this 6 day of October , 1983.

RICHARD-SCOTT BUROW
NOTARY PUBLIC
My Commission Expires July 1, 1986

_____
Notary Public
My commission expires:

District of Columbia) SS.

I, James D. Lynch, Jr., a Notary Public in and for the District
of Columbia do hereby certify that J. P. Blase Cook
appeared before me, and being duly sworn (or affirmed), did say
that he is an officer and agent of Thomas P. Harkins. Inc. and that
this Amendment to the Certificate of Limited Partnership of South-
view Associates II was signed on behalf of said corporation by bearing date 5 oct. 1983
authority of its board of directors as its free act and deed.

Given under my hand and seal this 5th day of October , 1983.

_____
Notary Public
My commission expires:

James D. Lynch, Jr.
D.C. Notary Public
My Commission Expires July 14, 1988

10/1/83

08919

SEP 7 2 59 PM '83    SOUTHVIEW ASSOCIATES II
CERTIFICATE OF LIMITED PARTNERSHIP

CERTIFICATE OF LIMITED PARTNERSHIP made as of this 1st day
of December, 1982, by and among the undersigned parties.

Recitals

(1)  SA Inc., and Francis D. Burke, as General Partners, and
Francis D. Burke, D. Richard Thissen, Henry C. Cashen II, and
Thomas P. Harkins, Inc., a Maryland corporation, as Limited
Partners, executed a Limited Partnership Agreement dated December
1, 1982, creating SOUTHVIEW ASSOCIATES II (the "Partnership")
pursuant to the Uniform Limited Partnership Act of the District
of Columbia.

(2)  The Partnership was formed for the purpose of owning
and developing a multi-family housing project containing
apartment units (the "Project") pursuant to Section 21(d)(4) or
Section 11(b) of the National Housing Act and assisted under the
Section 8 rental subsidy program of the Department of Housing and
Urban Development.  The Project will be located in Washington,
D.C. and  known as SOUTHVIEW APARTMENTS PHASE II.

NOW, THEREFORE, we, the undersigned parties, hereby certify:

(1)  The name of the Partnership is SOUTHVIEW ASSOCIATES II.

(2)  The character of the business of the Partnership shall
be to acquire, hold, invest in, develop (including the
construction of new improvements and buildings), rehabilitate,
improve, maintain, operate, lease, dispose of, and otherwise deal

**The Commonwealth of Massachusetts**
STANDARD CERTIFICATE OF DEATH
REGISTRY OF VITAL RECORDS AND STATISTICS

(INSTRUCTIONS ON REVERSE SIDE)
FOR USE BY PHYSICIANS AND MEDICAL EXAMINERS

**DECEDENT - NAME:** Francis D. Burke — Male — July 22, 2001

**PLACE OF DEATH:** Hingham
**COUNTY OF DEATH:** Plymouth
**HOSPITAL OR OTHER INSTITUTION:** 4 Porters Cove Rd.

RACE: White — 54

**AGE:** 64
**DATE OF BIRTH:** Oct. 21, 1936
**BIRTHPLACE:** Boston, Mass

**MARRIED:** Married
**LAST SPOUSE:** Joan Marie Riley
**USUAL OCCUPATION:** Attorney
**KIND OF BUSINESS:** Vesper Properties

**RESIDENCE:** 4 Porters Cove Rd. Hingham, Plymouth, Mass USA — 02043

**FATHER:** Thomas Burke — **STATE OF BIRTH:** Ireland
**MOTHER:** Mary Kane — Mass

**INFORMANT'S NAME:** Joan Marie Burke — 4 Porters Cove Rd. Hingham, Mass 02043 — Wife

**METHOD OF DISPOSITION:** Burial
**PLACE OF DISPOSITION:** High Street Cemetery — Hingham, Mass
**FUNERAL SERVICE LICENSEE:** Robert R. McNamara — 5569
**DATE OF DISPOSITION:** July 25, 2001
**FACILITY:** McNamara/Sperrell F.H., Summer St. Cohasset, Mass 02025

**PART I:**
METASTATIC ESOPHAGEAL CANCER — 7 MONTHS
BARRETT'S ESOPHAGUS — 10 YEARS
GASTROESOPHAGEAL REFLUX DISEASE — 20 YEARS

**AUTOPSY PERFORMED:** NO
**AVAILABLE PRIOR:** NO

**MANNER OF DEATH:** NATURAL

**DATE SIGNED:** JULY 23, 2001 — **HOUR OF DEATH:** 9:40P
**ATTENDING PHYSICIAN:** ROBERT MAYER M.D.

**CERTIFYING PHYSICIAN/MEDICAL EXAMINER:** ADAVID MCCOLLUM, MD — 44 BINNEY STREET BOSTON, MA 02115 — 159620
DANA-FARBER CANCER INSTITUTE

**PRONOUNCEMENT:** YES — JULY 22, 2001 — 9:40P — JANET G. TRAVERS — R.N.

**DATE:** July 24, 2001 — JULY 24, 2001

A TRUE COPY
ATTEST:
Eileen G. McCracken
TOWN CLERK

PERMANENT BLACK INK ONLY
R-301-00

EXHIBIT 3

The Commonwealth of Massachusetts

322

STANDARD CERTIFICATE OF DEATH
REGISTRY OF VITAL RECORDS AND STATISTICS

| DECEDENT – NAME FIRST | MIDDLE | LAST | SEX | DATE OF DEATH (Mo., Day, Yr.) |
|---|---|---|---|---|
| David | R. | Thissen, Jr. | M | August 28, 1995 |

| PLACE OF DEATH (City/Town) | COUNTY OF DEATH | HOSPITAL OR OTHER INSTITUTION – Name (if not in either, give street and number) |
|---|---|---|
| Arlington | Middlesex | 77 Oak Hill Drive |

PLACE OF DEATH (Check any one):
HOSPITAL: ☐ Inpatient ☐ ER/Outpatient ☐ DOA   OTHER: ☐ Nursing Home ☐ Residence ☐ Other (Specify)

RACE (e.g. White, Black, American Indian, etc.): White

AGE Last Birthday (Yrs.): 75 | UNDER 1 YEAR MOS / DAYS | UNDER 1 DAY HOURS / MINS

DATE OF BIRTH (Mo., Day, Yr.): May 12, 1920 | BIRTHPLACE (City and State or Foreign Country): Chicago, IL

| MARRIED, NEVER MARRIED, WIDOWED OR DIVORCED | LAST SPOUSE (if wife, give maiden name) | USUAL OCCUPATION | KIND OF BUSINESS OR INDUSTRY |
|---|---|---|---|
| Married | Marian Ramhofer | Architect | Building |

RESIDENCE – NO. & ST., CITY/TOWN, COUNTY, STATE/COUNTRY: 77 Oak Hill Drive, Arlington, Middlesex, MA | ZIP CODE: 02174

| FATHER – FULL NAME | STATE OF BIRTH (If not in USA, name country) | MOTHER – NAME (GIVEN) (MAIDEN) | STATE OF BIRTH (If not in USA, name country) |
|---|---|---|---|
| David R. Thissen, Sr. | England | Hazel Lee Scott | South Dakota |

INFORMANT'S NAME: Marian Thissen | MAILING ADDRESS – NO. & ST., CITY/TOWN, STATE, ZIP CODE: 77 Oak Hill Dr., Arlington, MA 02174 | RELATIONSHIP: Wife

METHOD OF DISPOSITION: ☒ BURIAL ☐ CREMATION ☐ ENTOMBMENT ☐ REMOVAL FROM STATE ☐ DONATION ☐ OTH. SPEC.

FUNERAL SERVICE LICENSEE: Charles D. Keefe | LICENSE #: 5669

PLACE OF DISPOSITION (Name or Cemetery, Crematory or Other): Cambridge Cemetery | LOCATION (City/Town, State): Cambridge, MA

DATE OF DISPOSITION (Mo., Day, Yr.): Aug. 31, 1995 | NAME AND ADDRESS OF FACILITY: Keefe Funeral Home, Inc., 2175 Mass. Ave., Cambridge, MA

29. PART I – Enter the diseases, injuries, or complications that caused the death. Do not use any line more than once. Do not use the mode of dying, such as cardiac or respiratory arrest, shock or heart failure. List only one cause on each line.

| | | Approximate Interval Between Onset and Death |
|---|---|---|
| IMMEDIATE CAUSE (a) | left thalamic glioblastoma | 6 months |
| (b) | | |
| (c) | | |

PART II – Other significant conditions contributing to death but not resulting in underlying cause given in Part I.

WAS AUTOPSY PERFORMED? (Yes or No):
WERE AUTOPSY FINDINGS AVAILABLE PRIOR TO COMPLETION OF CAUSE OF DEATH? (Yes or No):

WAS CASE REFERRED TO M.E.? (Yes or No):

MANNER OF DEATH: ☒ NATURAL ☐ HOMICIDE ☐ COULD NOT BE DETERMINED ☐ ACCIDENT ☐ SUICIDE ☐ PENDING INVESTIGATION

DATE OF INJURY (Mo., Day, Yr.): | TIME OF INJURY: | INJURY AT WORK (Yes or No):

DESCRIBE HOW INJURY OCCURRED:

PLACE OF INJURY – At home, farm, street, factory, office bldg.:
LOCATION – No. & St., City/Town, State:

To the best of my knowledge, death occurred at the time, date, and place and due to the cause(s) stated.
SIGNATURE and Title: Joseph R. Med

DATE SIGNED (Mo., Day, Yr.): August 28, 1995 | HOUR OF DEATH: 1 PM

On the basis of examination and/or investigation, in my opinion death occurred at the time, and place and due to the cause(s) stated.
SIGNATURE and Title:

NAME OF ATTENDING PHYSICIAN IF NOT CERTIFIER: Peter McL Black

DATE SIGNED (Mo., Day, Yr.): | PRONOUNCED DEAD (Mo., Day, Yr.):

NAME AND ADDRESS OF CERTIFYING PHYSICIAN OR MEDICAL EXAMINER (Type or Print): Joseph Madsen Brigham and Women's Hospital 75 Francis Street Boston, MA 02115 | LICENSE NO. OF CERTIFIER: 56348

WAS THERE AN R.N. PRONOUNCEMENT? (Yes or No): Yes | IF YES, DATE PRONOUNCED: August 28, 1995 | IF YES, TIME PRONOUNCED: 1 PM | NAME OF PRONOUNCING REGISTERED NURSE: Cinda Gazmer, R.N.

DATE BURIAL PERMIT ISSUED: Aug. 29, 1995 | RECEIVED IN THE CITY/TOWN OF: Arlington | DATE OF RECORD: Aug. 31, 1995

SIGNATURE OF HEALTH OFFICER: Thomas E. Santoro | CLERK'S SIGNATURE: Corinne M. Rainville

---

EXHIBIT
4

I hereby certify the foregoing to be a TRUE COPY from the records of the town clerk's office, Arlington Massachusetts.

ATTEST Corinne M. Rainville
TOWN CLERK