UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| **SHARMAYNE COSBY, et al.,** | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | *   Civil Action No.: 1: 07-CV-258 (RWR) |
| | * |
| **FRANCIS D. BURKE, et al.,** | * |
| | * |
| Defendants. | * |

**PLAINTIFF'S OPPOSITION TO MOTION OF DEFENDANT'S SA, INC.,
FRANCIS D. BURKE, HENRY C. CASHEN, II, AND D. RICHARD
THISSEN, TO AMEND SCHEDULING ORDER**

COMES NOW the Plaintiff, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure, files this instant Opposition to Motion of Defendants' SA, Inc., Francis D. Burke, Henry C. Cashen, II, and D. Richard Thissen, ["Owners"] to Amend Scheduling Order, and in support of this Opposition further states as follows:

1. Counsel for the Defendant owners issued discovery and conducted depositions on behalf of all named Defendants.

2. The Defendant Owners had counsel of record who acted on their behalf and the Owners are bound by the acts of their attorney.

3. Plaintiff incorporates by reference thereto as if fully set forth herein the facts, law and argument contained within the Plaintiff's Memorandum of Points and Authorities in support of Plaintiff's Opposition to Motion of Defendant's SA, Inc., Francis D. Burke, Henry C. Cashen, II, and D. Richard Thissen, to Amend Scheduling Order

4. Plaintiff will be prejudiced should this Honorable Court grant the Owners Motion to Amend the Scheduling Order.

WHEREFORE, the Plaintiffs respectfully move this Honorable Court to Deny Defendants SA, Inc., Francis D. Burke, Henry C. Cashen, II, and D. Richard Thissen, Motion to Amend Scheduling Order and for such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

By: /s/ *Donna Williams Rucker*
Donna Williams Rucker, Esquire (Bar #446713)
Gebhardt & Associates, LLP
1101 17th Street, N.W., Suite 807
Washington, D.C.  20036
(202) 496-0400    Office
(301) 496-0404    Facsimile

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Opposition to Motion of Defendant's SA, Inc., Francis D. Burke, Henry C. Cashen, II, and D. Richard Thissen, to Amend Scheduling Order was delivered, via this Court's electronic case filing system, this 2nd day of September, 2008, to:  all counsel of record.

/s/ *Donna Williams Rucker*
Donna Williams Rucker

UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| **SHARMAYNE COSBY, et al.,** | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No.: 1: 07-CV-258 (RWR) |
| | * | |
| **FRANCIS D. BURKE, et al.,** | * | |
| | * | |
| Defendants. | * | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MOTION OF DEFENDANT'S SA, INC., FRANCIS D. BURKE, HENRY C. CASHEN, II, AND D. RICHARD THISSEN, TO AMEND SCHEDULING ORDER**

COMES NOW the Plaintiff, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure, and files this Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Motion of Defendant's SA, Inc., Francis D. Burke, Henry C. Cashen, II, and D. Richard Thissen, ["Owners"] to Amend Scheduling Order, and in support of this Opposition further states as follows:

**FACTS**

Plaintiffs originally brought the allegations alleged in the Amended Complaint to the attention of the Defendants by and through a complaint in the U.S. Department of Housing and Urban Development in 2002. A conciliation/mediation conference was scheduled and during the course of the conference separate counsel represented the Defendants. The conciliation/mediation was unsuccessful and this lawsuit ensued.

Plaintiffs filed the above captioned action on or about February 2, 2007. On August 10, 2007, an Answer to the Amended Complaint was filed on behalf of all named Defendants, by and through Michael A. Giacomazza and the law firm of Rollins, Smalkin, Richards, & Mackie

3

L.L.C. Just before, or just after the filing of the Answer, Mr. Giacomazza advised plaintiffs' counsel of his discussions with "attorneys for some of the owners" and there was a conference call with attorneys in Boston whom plaintiffs' counsel believes represented the interest of some, or all of the owners. Patrick. Cullen is a member of this firm and he ultimately took over as the contact person on this case.

After filing the Answer on behalf of all defendants, defendants' counsel issued discovery to the plaintiffs and proceeded along with the discovery process as counsel for all defendants. The plaintiffs should not be prejudiced because any alleged conflict, which should have been addressed through dialogue with the owner's attorneys when this case was first filed in the administrative agency, and long before the deposition of Mr. Kriegsfield on June 5, 2008.

In their Memorandum of Law, the defendant Owners admit that they were represented by counsel when new counsel entered their appearance on or about the 31st of July, 2008. (Defendant Owner's Memorandum of Law in Support of Motion of Defendant's SA, Inc., Francis D. Burke, Henry C. Cashen, II, and D. Richard Thissen, to Amend Scheduling Order at page 1). Mr. Cullen did not withdraw his appearance as counsel for the owners until on or about August 8, 2008.

**ARGUMENT**

Defendant owners rely on the case of *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604 (9th Cir. 1992) in support of their request to amend the Scheduling Order. However, in *Johnson*, the court found that the plaintiff was made aware of naming the wrong party and that he should amend his complaint in order to add the other party. The plaintiff failed to amend his complaint and then after the scheduling order date had passed to add parties, the plaintiff moved

4

to amend the complaint. The district court denied the motion stating that plaintiff failed to show the good cause necessary for the court to grant an amendment of the scheduling order.

Plaintiff, Sharmayne Cosby brought the allegations alleged herein to the attention of the Defendants in the U.S. Department of Housing and Urban Development, and the Office of Human Rights (OHR) in 2002, and during the processing of that complaint the respondents were represented by separate counsel. Moreover, defendant Kriegsfeld requested a continuance of discussions to see if the Owners would contribute to any settlement offer to be presented to plaintiff during conciliation. This lawsuit was filed after his efforts failed. The defendant's cannot now, at this late date, claim a conflict of interest and successfully present circumstances that would justify extending the Scheduling Order and further delay this case, especially when defendant Owners were represented by Counsel throughout this entire process.

The Supreme Court has held a party who chooses his attorney cannot avoid the consequences of the acts or omissions of said agent. "Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) quoting *Smith v. Ayer,* 101 U.S. 320, 326, 25 L.Ed. 955.

Discovery in this case has been extended several times at the request of plaintiff and/or the defendants on numerous occasions. When Patrick Cullen summarily cancelled the depositions of the defendants Williams, Datcher and SA, Inc., he advised plaintiff's counsel that there had been some communication by the attorneys for the owners and some correspondence had been sent to the insurance company regarding his firm's handling of the case. However, it

was clear from plaintiff's counsel's discussion with Mr. Cullen that his discussions with the Owners occurred prior to him taking plaintiffs' deposition on July 21, 2008.

Patrick Cullen presented a "Memorandum of Defendants The Kriegsfeld Corporation, Michael Datcher and Semadra Williams the Issue of Waiver of Conflict of Interest" ['Memorandum"]. In the Memorandum, it is admitted that upon counsel's receipt of the June 5, 2008, deposition transcript, the transcript was forwarded to known counsel for the Owners Mr. Donald Wylie, Esquire. Mr. Wylie, on July 16, 2008, corresponded with the insurance company advising of the conflict of interest and that counsel (Patrick Cullen) should not represent the Defendant owners. However, Mr. Kriegsfeld had already made the Owners aware of his position regarding payment to plaintiff when he went to the Owners in 2002 or 2003 to request contribution for a settlement offer.

With full knowledge of the allegations of regarding a conflict of interest, counsel for all defendants, Patrick Cullen, took the depositions of the Plaintiffs on July 21, 2008, and then immediately after he concluded the same, he announced that he was canceling the depositions plaintiffs had scheduled of the defendants and as a basis he referred to his **prior** discussions with the Owner's attorneys as outline above. It seems apparent that defendant Owners counsel knew, or should have known, of the potential of a conflict since 2002 or 2003. Defendant Owners certainly was aware for almost six and a half weeks before advising plaintiffs' counsel of any potential or withdrawing his appearance on behalf of the Owners. The Defendants should not now be allowed to benefit from this dilatory and disingenuous conduct.

Defendant's SA., Inc., Francis D. Burke, Henry C. Cashen, II, and D. Richard Thissen, were represented during the discovery process in this case. This Honorable Court granted numerous extensions of the discovery deadline and defendants' counsel of record, Patrick

Cullen, was actively engaged in the scheduling of depositions and the service of written discovery on the plaintiff during the discovery period. On July 21, 2008, after a consent motion to extend was granted, defendants took plaintiffs' deposition. Defendant Owners have not offered this court any basis, compelling or otherwise, that would justify allowing the Owners to reopen and begin anew the discovery process in this case. Allowing the defendant Owners to reopen discovery because of new counsel would unduly prejudice Sharmayne Cosby who has actively prosecuted this case since 2002. Plaintiffs have already answered written discovery served by defendant Owner's counsel and counsel who at the time of taking their deposition was counsel for the Owners as well as all other defendants deposed the plaintiffs.

**WHEREFORE**, the Plaintiffs respectfully move this Honorable Court to Deny Defendants SA, Inc., Francis D. Burke, Henry C. Cashen, II, and D. Richard Thissen, Motion to Amend Scheduling Order and for such other and further relief as this Honorable Court deems just necessary and appropriate.

Respectfully submitted,

By: /s/ *Donna Williams Rucker*
Donna Williams Rucker, Esquire (Bar #446713)
Gebhardt & Associates, LLP
1101 17th Street, N.W., Suite 807
Washington, D.C. 20036
(202) 496-0400   Office
(301) 496-0404   Facsimile

UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| **SHARMAYNE COSBY, et al.,** | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | *  Civil Action No.: 1: 07-CV-258 (RWR) |
| | * |
| **FRANCIS D. BURKE, et al.,** | * |
| | * |
| Defendants. | * |

**ORDER**

**UPON CONSIDERATION** of the Plaintiffs' Opposition to Motion of Defendants' SA., Inc., Francis D. Burke, Henry C. Cashen, II, and D. Richard Thissen, to Amend Scheduling Order, ["Motion"] the information contained therein, and the record herein, it is this _____ day of _____, 2008,

**ORDERED** that the Motion of SA., Inc., Francis D. Burke, Henry C. Cashen, II, and D. Richard Thissen, to Amend Scheduling Order, be and hereby is **DENIED**.

**SO ORDERED**.

_____
**JUDGE RICHARD W. ROBERTS**
**United States District Court**

Copies to:

Donna Williams Rucker, Esquire
Via electronic filing

Patrick G. Cullen, Esquire (*Pro Hac Vice*)
Via electronic filing

Jennifer S. Lubinski
Via electronic filing