UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| SHARMAYNE COSBY, et al., | * |
| | * |
|     Plaintiffs, | * |
| | * |
| v. | *   Civil Action No.: 1: 07-CV-258 (RWR) |
| | * |
| FRANCIS D. BURKE, et al., | * |
| | * |
|     Defendants. | * |

**OPPOSITION TO MEMORANDUM OF DEFENDANTS KRIEGSFELD CORPORATION, MICHAEL DATCHER AND SEMADRA WILLIAMS ON THE ISSUE OF WAIVER OF CONFLICT OF INTEREST**

    This Honorable Court ordered defendants counsel, Patrick Cullen, to file a Memorandum of Law that addresses why a conflict of interest argument has not been waived. Counsel file a document entitled "Memorandum of Defendants The Kriegsfeld Corporation, Michael Datcher and Semadra Williams on the Issue of Waiver of Conflict of Interest". However, the Memorandum fails to address the Court's question and fails to establish that any conflict of interest was not waived.

    In the Memorandum, defendants admit that upon counsel's receipt of the June 5, 2008, deposition transcript, the transcript was forwarded to known counsel for the owners Mr. Donald Wylie, Esquire. Mr. Wylie on July 16, 2008, corresponded with the insurance company advising of the conflict of interest and that counsel (Patrick Cullen) should not represent the Defendant owners. However, defendant Kriegsfeld had already made the Owners aware of its position regarding plaintiff's claim when he went to the Owners in 2002 or 2003 to regarding contribution for possible resolution of this case.

Assuming, *arguendo*, defendants' counsel learned of the conflict after the deposition in the first week of June, on July 21, 2006, almost a month later, defendants' counsel, with full knowledge of the allegations regarding a conflict of interest, took the depositions of the plaintiffs. Immediately after defendants' counsel Cullen summarily cancelled the depositions of the defendants, Williams, Datcher and SA, Inc., and he advised plaintiff's counsel that there had been some communication by the attorneys for the owners and some correspondence had been sent to the insurance company regarding his firm's handling of the case. However, it is clear from plaintiff's counsel's discussion with Mr. Cullen at his Baltimore office that these discussions occurred prior to him taking plaintiffs' deposition on July 21, 2008. Defendant's counsel Cullen waived any conflict of interest position when he knowingly continued with discovery as counsel for all defendants even when he clearly knew that it was perceived that a conflict of interest existed. Defendants' have failed to timely raise any alleged conflict of interest.

Counsel for the Defendants knew, or should have known, of the potential of a conflict since 2002 or 2003. Defendant Owners certainly was aware for almost six and a half weeks before withdrawing his appearance on behalf of the Owners. The Defendants should not now be allowed to benefit from this dilatory and disingenuous conduct.

Defendant Owners failed to present any argument, credible evidence or case law that would permit this Honorable court to conclude that any conflict of interest was not waived.

Moreover, allowing the defendant Owners to raise an argument regarding a conflict of interest at this later stage of the litigation rewards the defendants for their lack of diligence in conducting a conflicts check. Sharmayne Cosby has actively prosecuted

this case since 2002.  The Owners were represented by counsel when plaintiffs were served with written discovery and at the time plaintiffs were deposed.

**WHEREFORE**, the Plaintiffs respectfully move this Honorable Court find that defendants waived any conflict of interest, and grant such other and further relief as this Honorable Court deems just necessary and appropriate.

Respectfully submitted,

By:    /s/ *Donna Williams Rucker*
Donna Williams Rucker, Esquire ( #446713)
Gebhardt & Associates, LLP
1101 17th Street, N.W., Ste. 807
Washington, D.C.  20036
(301) 496-0400    Office
(301) 496-0404    Facsimile

UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| **SHARMAYNE COSBY, et al.,**   * | |
| * | |
| Plaintiffs,   * | |
| * | |
| v.   * | Civil Action No.: 1: 07-CV-258 (RWR) |
| * | |
| **FRANCIS D. BURKE, et al.,**   * | |
| * | |
| Defendants.   * | |

## ORDER

UPON CONSIDERATION of the Plaintiffs' Opposition to Memorandum of Defendants The Kriegsfeld Corporation, Michael Datcher and Semadra Williams on the Issue of Waiver of Conflict of Interest. the information contained therein, and the record herein, it is this _____ day of _____, 2008,

**ORDERED** that the any conflict of interest by defendants has been waived.

**SO ORDERED**.

                                                                   _____
                                                                   **JUDGE RICHARD W. ROBERTS**
                                                                   **United States District Court**

Copies to:

Donna Williams Rucker, Esquire
Via electronic filing

Patrick G. Cullen, Esquire (*Pro Hac Vice*)
Via electronic filing

Jennifer S. Lubinski
Via electronic filing